## James Tait & another *vs.* Joseph Thomas & another.

### April 11, 1876.

Trespass—Treble Damages—Verdict.—In an action for trespass, in which treble damages may be allowed, and a general verdict is returned, the presumption is that it includes all the damages that the plaintiff is entitled to.

Complaint for wilful trespass, in entering plaintiffs' close and cutting and carrying away timber therefrom, to their damage in the sum of $250.00, for which amount judgment is demanded. Defence, a general denial. Trial in the district court for Kandiyohi and Swift counties, before *Vanderburgh*, J., and verdict as follows : " We, the jury, find the plaintiff entitled to five dollars for timber and twenty-five dollars for damages." Motion by plaintiffs for judgment for treble damages, which was denied, and judgment entered for single damages and costs, from which the plaintiffs appealed.

*H. W. & C. L. Brown*, for appellants.

*E. A. Campbell*, for respondents.

Gilfillan, C. J. There are two ways in which the amount to be recovered, under the statute allowing treble damages for certain trespasses, (Gen. St. ch. 75, § 28,) may be ascertained : *first*, the court may instruct the jury to assess the actual damage, and render their verdict for treble

that amount; *second*, it may instruct the jury to return the single damage, and the fact whether the trespass was wilful or involuntary; and the court may then treble the damage so found. The facts upon which the question of treble damages depends must be passed upon by the jury, and not by the court. In this case it does not appear what instructions were given to the jury. Their verdict was general, and, the contrary not appearing, it is to be presumed that, after ascertaining the character of the trespass, they have allowed the damages to which the plaintiffs are by law entitled. *Livingston* v. *Platner*, 1 Cow. 175.

Judgment affirmed.