· OLE H. BERG *vs.* CORNELIUS BALDWIN and another.

March 24, 1884.

**Exemption—"Oxen."**—A pair of two-year-old steers, "fit to be used for light work," *held* exempt as "a yoke of oxen," although not yet broken.

**Same—Conversion—Treble Damages.**—The term "or other personal property" in Gen. St. 1878, *c.* 66, § 269, is to be confined to things *ejusdem generis* with those previously enumerated, to wit, "wood, timber, lumber, hay, and grass;" that is, to things which are the product of the soil.

This action was brought in the municipal court of Moorhead, to recover the value of two young oxen, alleged to have been taken and converted by defendants. The complaint prayed for judgment for $150, claiming treble damages. The answer justified the taking under a writ of execution against plaintiff. The action was tried by the court, which held that the oxen were exempt from execution and were of the value of $80, and ordered judgment for plaintiff for $150, —the full amount prayed for,—which was entered. Defendants appeal from the judgment and from an order refusing a new trial.

*Geo. I. Waterman* and *Burnham, Mills & Tillotson,* for appellants.

*Mosness & Douglas,* for respondent.

MITCHELL, J. Action for wrongfully and unlawfully taking and converting "two young oxen." The defendants justify the taking under an execution issued on a judgment against plaintiff and in favor of defendant Shove, and delivered for service to defendant Baldwin as constable.

1. The first question is whether the property was exempt. The court finds "that plaintiff was a farmer living on a government homestead; that the plaintiff, at the time of said levy, neither possessed nor owned any horses or mules, or oxen, or any team whatever, except the pair of steers levied on, and that they were raised and kept by him for the purpose of being used by him as his team upon his claim as soon as they should be strong enough for farm use. It does not appear in the evidence whether these steers had or had not as yet actually been yoked together or broken, but, \* \* \* at the

age of the steers in question, they may be used to perform light work."
The court also finds that at the time they were taken, the steers were
"past two years old." On this state of facts they were exempt un-
der Gen. St. 1878, c. 66, § 310, subd. 6, as "a yoke of oxen." Such
statutes are to be liberally construed in favor of the right of exemp-
tion. Their object is to secure certain articles necessary to the sus-
tenance of the debtor and his family from being taken for debt. The
legislature must have had in mind that many men are not in posses-
sion of sufficient means to purchase full-grown or well-broken teams.
Their only way to acquire them may be to obtain the young ani-
mals. If not protected in so doing by the exemption law, those who
most need it would·derive the least benefit from it. Hence the gen-
eral tendency of the courts is to hold that where a statute exempts
"horses," "oxen," or "cows," young animals of the species and de-
scription that by time and subsequent growth would become such in
a popular sense, are within the meaning and import of these terms
as used in the statute. *Dow* v. *Smith*, 7 Vt. 465; *Freeman* v. *Car-
penter*, 10 Vt. 433; *Mundell* v. *Hammond*, 40 Vt. 641; *Carruth* v.
*Grassie*, 11 Gray, 211; *Mallory* v. *Berry*, 16 Kan. 293. It is not
necessary to go this length in order to sustain the exemption in the
present case. These animals were over two years old, and already
capable of being used for light work. There is nothing in the stat-
ute requiring them to be fully grown or to be already broken to work.

2. The only other question is whether plaintiff was entitled to
treble damages under Laws 1868, c. 75, (Gen. St. 1878, c. 66, §§
269, 270,) the first section of which reads as follows: "Whoever
shall carry off, use, or destroy any *wood, timber, lumber, hay, grass,
or other personal property* of another person, without lawful authority,
shall be liable to the owner thereof for treble the amount of damages
which may be assessed therefor, in a civil action in any court having
jurisdiction, except as provided in the next section." This statute is
highly penal and should receive the strictest construction, and not be
extended to cases not within its spirit as well as letter. Under a
familiar rule of construction, we think the expression "or other per-
sonal property" should be confined to things *ejusdem generis* with
those enumerated,—that is, such as are produced by and grown upon

land; the statute being designed to apply only to trespasses committed by carrying off, using, or destroying the products of the soil. We are therefore of opinion that it has no application to cases like the present. The judgment must therefore be modified, so that plaintiff shall have judgment only for $70, the value of the property, and interest thereon from April 23, 1883, the date of the taking.

Ordered accordingly.