JACOB POTULNI vs. OTIS W. SAUNDERS.

December 13, 1887.

Trespass by Servant — Scope of Employment.—Defendant employed a servant to drive his team, (it not appearing whether the employer made provision of hay for the servant to feed the team,) and the servant, without express authority from the defendant, took, by trespass, plaintiff's hay, and fed to the team. *Held*, that it was within the line of the servant's employment, and defendant is liable for the trespass.

Same—Treble Damages.—Also that Gen. St. '1878, c. 66, §§ 269, 270, imposing treble damages for such trespasses, do not apply against one who is in law deemed guilty only by reason of his relation to the actual trespasser.

Plaintiff brought this action in the municipal court of Duluth, to recover for hay alleged to have been unlawfully taken and converted by the defendant. The action was tried, without a jury, by the court, who found that the defendant had taken and converted hay of the plaintiff of the value of six dollars, and directed judgment for $18, and disbursements. Defendant appeals from the judgment.

*Jaques & Hudson*, for appellant.

*L. H. Zastrow*, for respondent.

GILFILLAN, C. J. Action for a trespass in taking hay from plaintiff's barn. The taking was not by defendant in person, but by his servant, and the proofs show that the latter was not expressly authorized by defendant to take it; and the defendant is not liable unless there was implied authority,—that is, unless the act of taking the hay was within the scope of the servant's authority. The facts are that the servant was driving a team for defendant on the road and in the woods, which was all that he was employed to do. Near

plaintiff's barn defendant had a logging camp. The servant, without any express direction from defendant, and without his knowledge, stopped at plaintiff's house, near the barn, several nights, and while there took the hay from the barn, and fed it to the horses that he was driving for defendant. The evidence was silent as to whether defendant had made any provision of hay for the servant to feed to the horses. On being informed by plaintiff of what the servant had done, he promised to pay the damage if it was not too much.

We see nothing in this like a ratification of the act of the servant, if it was unauthorized. A majority of the court are of opinion that, from the facts above stated, it might fairly be found that providing food for the team was an act contemplated by the servant's employment; and, if so, that the defendant would be liable for the use by the servant of unlawful means to accomplish that end, and that the taking of the hay for the purpose of feeding to the horses was within the line of his employment. But I do not see anything in the case to indicate that providing food for the horses was any part of the servant's business, and therefore I am of opinion that taking the hay was an act for which his employer was not liable.

The majority of the court are of opinion that the statute (Gen. St. 1878, c. 66, §§ 269, 270) imposing treble damages for trespasses upon certain kinds of personal property, being highly penal in its nature, ought not to apply in a case like this, where defendant is deemed in law to have committed the trespass only by reason of his relation to the actual trespasser.

The court below will modify its judgment so as to render judgment only for the single damages found.