CHARLES ERICKSON v. CHARLES POMERANK.[1]

December 7, 1896.

Nos. 10,238—(71).

**Deepening Water Course—Damages.**

This was an action to recover damages for lowering a natural water course, whereby the plaintiff claims that his land was injured. *Held,* that the undisputed evidence did not show that the defendant did the act complained of, and that the rulings of the trial court in overruling plaintiff's objections to the admission of evidence, and its refusal to give certain requested instructions to the jury, which assumed that the evidence was undisputed, were correct.

**Verdict Sustained.**

*Held,* further, that the verdict is sustained by the evidence.

Appeal by plaintiff from an order of the district court for Wright county, Russell, J., denying a motion for a new trial. Affirmed.

*W. H. Cutting,* for appellant.

*Wm. E. Culkin,* for respondent.

START, C. J. This is an action to recover damages for the deepening of a natural water course by the defendant, as plaintiff alleged, by reason of which water in increased and injurious quantities was discharged upon his land. The answer denied that defendant lowered the channel of the water course, and also, that plaintiff had sustained any damages in the premises; and alleged that plaintiff dammed the water course, and, when the obstruction was removed, the water held back by the dam flowed upon plaintiff's land, and, if any more than the usual and natural flow of water came upon his land, it was caused by his own act. The reply admits the erecting of the dam, but alleges that it was built after the channel had been lowered by the defendant, and for the purpose (as we infer) of filling up the ditch made in deepening the channel. The defendant had a verdict, and plaintiff appealed from an order denying his motion for a new trial.

1 Reported in 69 N. W. 39.

The first nine assignments of error relate to the rulings of the trial court in receiving testimony over the plaintiff's objections. The evidence sought to be elicited by the several questions was material, and the rulings of the court were correct, unless it be true, as plaintiff claims, that the defendant admitted on the trial that he deepened the natural channel so as to lower the level of the lake of which it was the outlet four inches, whereby the water in unusual and injurious quantities was cast upon the plaintiff's land. The claim is not justified by the evidence.

The tenth and eleventh alleged errors are directed to the refusal of the court to give the plaintiff's second and third requests to instruct the jury. They were both properly refused, for they each rested upon the assumption that the evidence that the defendant had deepened the water course was undisputed. There are some statements in the testimony of the defendant which make the assumption plausible, but from his entire testimony it is reasonably clear that what the defendant admits he did was that he cleaned out the water course without in any way lowering the channel, and in a proper way removed the dam (placed therein by the plaintiff), and that, after this was done, the lake was four inches lower than it was with the obstructions in the channel, but not below its natural level.

The refusal to give the plaintiff's eighth request, relating to exemplary damages, was not reversible error; for the jury found that he was not entitled to any damages, hence he could not have been prejudiced by the refusal of the court to instruct that the jury might award exemplary damages if they found that the defendant acted maliciously in the premises.

The verdict establishes the fact that the defendant did not do the act complained of. The verdict is not so manifestly against the weight of the evidence as to justify us in granting a new trial.

Order affirmed.