HOGAN *v.* NEUMEISTER.

EXECUTION—EXEMPTIONS.

> An unbroken two-year-old colt, never used nor shown to be intended for use in the business of the owner, who keeps two other horses for business purposes, is not exempt from execution.

Error to Muskegon; Russell, J. Submitted June 8, 1898. Decided July 12, 1898.

Replevin by Lawrence Hogan against Gustav H. Neumeister. From a judgment for defendant in part, plaintiff brings error. Affirmed.

*Macdonald & Marr*, for appellant.

*Turner & Turner*, for appellee.

HOOKER, J. The defendant, as sheriff, levied an execution, issued upon a judgment against one James Hogan, upon an unbroken two-year-old colt, and other stock, supposed to belong to said James Hogan. Lawrence Hogan, the brother of James, thereupon replevied the property, claiming to have purchased it from James. Upon the

trial it appeared that James Hogan, who was an unmarried man, lived upon a farm which he rented, that he kept house for himself, and that his hired man slept in the house occupied by him.   The circuit judge directed a verdict for the plaintiff as to all of the property replevied, except the colt.   He held that the colt was not exempt from execution, and left the question of ownership to the jury, who found a verdict for the defendant, and the plaintiff has brought error.

The important question is whether the colt was subject to a claim of exemption.   The testimony conclusively shows that he was an unbroken colt, that he had never been used, and that James Hogan, the execution debtor, had two other horses, which he was in the habit of using in his business.   We discover no testimony tending to show that the colt was intended for use in his business, and in this respect the case differs from that of *Carruth* v. *Grassie*, 11 Gray, 211 (71 Am. Dec. 707), where a heifer 20 months old, which the debtor was shown to have himself taken when a calf, with the expectation and purpose of keeping her for a cow, was held to be within the equitable meaning of the statute.   In Minnesota two young oxen were held to be exempt, when their owner, a farmer, at the time of the levy, neither owned nor possessed any team, and it was shown that they were raised and kept by him for the purpose of being used as his team upon his farm as soon as they should be strong enough, being at the time past two years old.   *Berg* v. *Baldwin*, 31 Minn. 541.   In *Mallory* v. *Berry*, 16 Kan. 294, Mr. Justice Brewer held that a steer 20 months old, which had never been worked, was exempt.   The owner had bought the pair with the intention of using them for a team, and had paid for this one, and taken it home; the other he had not. These cases all differ from the present case in an important particular, viz., that there was an honest intention to use the animal purchased for a team.   In most of them the debtor had no other team.   In the case before us there is no such testimony, and, on the contrary, it is claimed

that he had sold the colt to his brother shortly before the levy. He also had a team of two horses, which were in actual use on the farm.

The plaintiff claims this sale to have been made before the levy, but that it was valid, though made afterwards, because the colt might have been selected as exempt, and a debtor may do what he will with exempt property. It has been held, where a debtor is entitled to exemptions of a given kind, that, if property of that kind be levied upon, he must be given the opportunity to select his exemption from the property levied upon, and, if he neglects or refuses to select, the officer must make such selection. It is under this rule that the plaintiff attacks the levy, and, if we must say that this colt has been shown to be subject to such selection, the plaintiff must prevail. The effect of the rule mentioned is to permit the debtor to leave the matter of selection until after the levy, and, were this colt one which was serviceable and used in the farm work, it would be governed by the rule; but where there is nothing to show that it was in a condition to be so used, or that it was procured with an honest intention to be kept for such use, we should not treat it as belonging to the exempt class. To hold otherwise would make it necessary to include all stock of the species which the law exempts. Every animal which, by any possibility, might at a future time be used as a team or part of a team, would be included in the list which officers must appraise, and from which exemptions must be set off.

We think the view taken by the learned circuit judge was correct. It becomes unnecessary to discuss the other point further than to say that, as the property was not exempt, it might be the object of a fraudulent transfer.

The judgment is affirmed.

The other Justices concurred.