NEWBERRY *v.* BUNDA.

1. TRESPASS—TRIMMING TREES—BOUNDARY.
   The branches of a tree projecting over a boundary line may not be cut beyond the division line by the adjoining proprietor without license.

2. SAME—LICENSE—LINE FENCES.
   One building a portion of a line fence by agreement with the adjoining proprietor has an implied license to trim trees to such an extent as is necessary to the construction of the fence.

3. SAME—LINE FENCES—QUESTION OF FACT.
   Whether it was necessary to the building of a line fence, to cut back overhanging branches close to the body of a tree standing three feet from the line, is a question of fact. HOOKER, J., dissenting.

4. EVIDENCE—OPINIONS AND CONCLUSIONS.
   It was not prejudicial error to ask a witness if it was necessary, in lining out a fence, to cut out the overhanging branches of a large tree, where the witness understood the inquiry was whether a person could sight through along the line without cutting out the branches.

Error to Lapeer; Smith, J. Submitted January 6, 1904. (Docket No. 12.) Decided July 7, 1904.

Trespass quare clausum fregit by Selden Newberry against William Bunda. There was judgment for defendant, and plaintiff brings error. Affirmed.

*Herbert W. Smith,* for appellant.

*Elmer Shumar* (*Stickney & Reed,* of counsel), for appellee.

MONTGOMERY, J. This is an action of trespass for cutting down two small apple trees on the line between the plaintiff and defendant, and for cutting limbs off another tree standing about three feet from the line and

on plaintiff's land. The testimony was conflicting as to the exact location of the small trees, but it is fairly inferable that the jury found that they were upon defendant's land. The case in this court turns upon the question whether the plaintiff's rights as to the larger tree were properly guarded by the trial court.

The facts as to this tree are that the tree stood about three feet from the line, the limbs extending over upon defendant's land. The defendant cut the limbs off close to the body of the tree, and undoubtedly exceeded his rights, as defined in *Hickey* v. *Railroad Co.*, 96 Mich. 498 (55 N. W. 989, 21 L. R. A. 729, 35 Am. St. Rep. 621), unless he was acting under a license from plaintiff. Defendant claimed, and the jury found, a license. It was not claimed that there was an express license, but it was insisted that the defendant was fully within an implied license, as the cutting of these limbs was essential to the performance of the work of rebuilding a portion of the line fence, which it was agreed between the plaintiff and defendant that the latter should build. The full line of the fence between the two properties was 15 rods. It was agreed that defendant should rebuild the east half of the distance. The tree stood a short distance west of that portion of the fence which defendant was by his agreement required to build. It was claimed, however, that it was necessary, in order to fix the line upon which his fence was to be located, to line through on the line of the old fence from end to end, and that in order to do this it was necessary to cut the small brush which had grown up, and also the limbs from this tree.

It is a general rule that a license to do a particular thing carries with it, by implication, the right to do those things necessary to be done in order to avail the licensee of his rights under the license. 2 Waterman on Trespass, § 786.

The plaintiff contends that the court should have directed a verdict for the reason that, as a matter of law, it should be held that the cutting of these branches was not

necessary to the work of rebuilding this fence.   We think, however, that it was a question for the jury, and properly submitted.

Objection was made to questions put to witnesses, asking whether it was necessary, in lining out the fence, to cut out the brush and limbs of the large tree.   It is doubtful whether the circuit judge understood that the objection now urged was covered by the general objection of incompetency and immateriality, but we think it manifest that the witnesses understood that the inquiry was whether a person could sight through along the line without cutting out these branches.   Their answers so indicate, and this inquiry was, we think, proper.

The other questions need not be separately discussed.

We discover no prejudicial error, and the judgment is affirmed.

MOORE, C. J., CARPENTER and GRANT, JJ., concurred with MONTGOMERY, J.

HOOKER, J. (*dissenting*).   I do not concur in the view that an arrangement whereby the defendant was to build a line fence between the lands of the parties carried with it a license to cut the limbs of trees sufficiently to enable the builder to sight through from one end of the line to the other.   We may take judicial notice that the line could have been established without it, and there is no presumption of an intention to give such a license inferable from the testimony.   Even if there were, it would extend no farther than absolutely necessary, and to cut three or four feet from the line would be excessive.

The judgment should be reversed, and a new trial ordered.