## JOHN HELPPIE v. NORTHWESTERN DRAINAGE COMPANY.[1]

November 20, 1914.

Nos. 18,830—(76).

**Wilful trespass — treble damages.**
   1. A wilful trespass upon land, as defined by section 8090, G. S. 1913, committed by a servant within the scope of his employment warrants treble damages against the master even though the act was without the master's knowledge or consent.

**Same — exclusion of evidence.**
   2. In an action for treble damages for cutting timber, where the complaint charges wilful and wanton trespass and the answer contains a general denial with what may be construed as an admission of some cutting without lawful authority from plaintiff, it was error to exclude evidence tending to show the cutting by defendant's servant to have been casual or involuntary and to instruct the jury to return treble damages.

Action in the district court for Marshall county to recover $6,000 under R. L. 1905, §§ 4149, 4268, being treble the value of the property destroyed. The case was tried before Grindeland, J., and a jury which returned a verdict for $500. From an order denying its motion for a new trial, defendant appealed. Reversed.

*A. N. Eckstrom, Charles Loring* and *G. A. Youngquist,* for appellant.

*Rieke & Hamrum,* for respondent.

HOLT, J.
Plaintiff sued defendant, a corporation, for wilful trespass in cut-

[1] Reported in 149 N. W. 461.

Note.—Upon the master's liability in trespass for wrongful or negligent act of servant, see note in 27 L.R.A. 197.

As to the measure of damages for wrongful cutting or destruction of standing timber, see note in 18 L.R.A.(N.S.) 244; and for the measure of damages for injury to, or destruction of, trees, see note in 19 L.R.A. 653.

ting down a poplar grove on his land. The court instructed the jury to allow treble damages. The appeal is from the order denying defendant a new trial.

The defendant was operating a walking-dredge, in public drainage work, along the boundary of plaintiff's land in Marshall county, this state. The work was in charge of its foreman, Hans Lundstrom. The land in that vicinity was low and soft so that the dredge could not be moved as occasion required, without laying poles or small timber on the ground to give it footing. Upon plaintiff's land was a poplar grove of from five to ten acres in extent. Lundstrom testified that he cut and used poles from this grove, but when he offered to testify that while the cutting was done he supposed the grove was upon the land of a Mr. Sponheim, with whom he had arranged to cut the poles needed, the court sustained plaintiff's objection to the proof. Neither was the defendant permitted to show that it had no knowledge of the trespass and had not authorized it.

Under the rule announced in Potulni v. Saunders, 37 Minn. 517, 35 N. W. 379, defendant claims error in directing a verdict for treble damages. There it is held that such damages cannot be allowed "where defendant is deemed in law to have committed the trespass only by reason of his relation to the actual trespasser." We do not think the language quoted should be taken to have established the doctrine in this state that in no case is the master or principal to be held for treble damages, unless he authorized the servant's or agent's trespass. For, if it does, corporations and large business concerns could scarcely ever be penalized for wilful trespass. A corporation does not by vote of its board of directors, or by its chief executive or managing officer, direct all of its activities. Usually the greater part thereof is entrusted to the judgment and discretion of servants and agents, not officers. The same holds true in the large business enterprises of individuals and partnerships. The law is now thoroughly well settled in this state that the master or principal is responsible for the torts of the servant or agent committed within the scope of the employment even if contrary to orders, Nava v. Northwestern Telephone Exchange Co. 112 Minn. 199, 127 N. W. 935; Barrett v. Minneapolis, St. P. & S. S. M. Ry. Co. 106 Minn. 51, 117 N. W. 1047,

18 L.R.A.(N.S.) 416, 130 Am. St. 585, and cases there cited. That extends also to infliction of punitive damages. Peterson v. Western Union Telegraph Co. 75 Minn. 368, 77 N. W. 985, 43 L.R.A. 581, 74 Am. St. 502; Berg v. St. Paul City Ry. Co. 96 Minn. 513, 105 N. W. 191; Anderson v. International Harvester Co. of America, 104 Minn. 49, 116 N. W. 101, 16 L.R.A.(N.S.) 440. Whatever exceeds compensation for injuries from a tort is in the nature of punitive or exemplary damages, whether fixed by statute or under the ordinary rules of law. When the alleged trespass is shown to have been committed by a servant, it is ordinarily for a jury to determine whether it was done within the scope of the employment. If found so to be, the consequences to the master will be the same as if he personally had done or directed the wrong. As the testimony now stands in this case, the jury might well find that defendant placed the whole management of the drain construction and the operation of the dredge into Lundstrom's hands. The evidence and admissions in the answer would warrant the conclusion that whatever Lundstrom did in the premises was within the scope of his duties, and hence fraught with the same consequences as if he therein had been following the orders of defendant's board of directors.

It therefore becomes a question whether Lundstrom's trespass was such that under section 8090, G. S. 1913, treble damages necessarily follow. This section provides that whoever without lawful authority cuts down any trees or timber on the land of another shall be liable in a civil action to the owner for treble damages, "unless upon the trial it appears that the trespass was casual or involuntary, or that the defendant had probable cause to believe that the land on which the trespass was committed was his own, or that of the person in whose service or by whose direction the act was done, in which case judgment shall be given for only the single damages assessed." This statute is penal in character. Statutes permitting penalties in addition to compensation for torts receive a strict construction. Potulni v. Saunders, supra; Berg v. Baldwin, 31 Minn. 541, 18 N. W. 821. Every trespass is presumptively unlawful, but the law does not give treble damages in every case, where timber is cut on the lands of another without lawful authority. The express provision is that, if,

upon the trial, the trespass is shown to be casual or involuntary, the liability shall not exceed actual compensation. Here plaintiff directly charged that the cutting in the grove was an intentional, wanton trespass, known to be unlawful at the time. The answer contained a general denial, except as to certain matters. Plaintiff contends that the answer admits the cutting to have been without lawful authority. We may concede that it does, since it is admitted that some poles were cut by its servants on plaintiff's land, and there is no averment of authority from plaintiff, still it does not follow that defendant must necessarily be mulcted in treble damages. Under the tendered issue defendant was entitled to show that the trespass by its servant was not wilful but casual or involuntary. If Lundstrom had in good faith made arrangement with the owner of a grove to cut poles therefrom, and he thereupon, intending to cut from such grove, through ignorance or mistake came upon the lands of plaintiff and there cut, honestly believing that he was cutting in the grove for which he had permission, the trespass would be casual or involuntary. We think not only should Mr. Lundstrom have been permitted to testify that he supposed he was cutting from Mr. Sponheim's grove, but that he had previously made an arrangement to cut therefrom. It would then be for the jury to say whether his going upon the wrong land was an honest mistake, an involuntary trespass. "The facts upon which the question of treble damages depend must be passed upon by the jury and not by the court." Tait v. Thomas, 22 Minn. 537. The pleadings raised the issue whether the trespass was wilful or involuntary; the evidence tending to show it to be of the latter kind should have been received; and the jury should then, under proper instructions, have been permitted to determine the character of the wrong, to be redressed and punished by treble damages if found by them to have been intentionally and knowingly done against plaintiff's property rights, or to be righted by full compensation only if found to have been involuntary or otherwise within the exception of the statute.

The order denying a new trial is reversed.