## ANNA JOHNSON v. FRANK WOLF.[1]

### May 9, 1919.

### No. 21,195.

**Trespass — malice — exemplary damages.**

1. In an action for malicious trespass, whether exemplary damages

[1] Reported in 172 N. W. 216.

shall be allowed rests in the discretion of the jury, under all the circumstances of the case.

**Same — weight of evidence for jury.**

2. In an action for malicious trespass, if there is any evidence warranting exemplary damages, its force and weight rest exclusively with the jury.

**New trial because of excessive damages.**

3. Whether a new trial upon the ground of excessive damages should be granted, rests in the sound discretion of the trial court. The trial court having passed upon the same and having reduced the verdict to $725, we find no cause for interference.

Action in the district court for Ramsey county to recover $2,000. The facts are stated in the opinion. The case was tried before Haupt, J., and a jury which returned a verdict for $1,450. From an order denying his motion for a new trial on condition plaintiff consent to a reduction of the verdict to $725, defendant appealed. Affirmed.

*Kueffner & Marks,* for appellant.

*James E. Trask,* for respondent.

QUINN, J.

This is an action to recover damages for the alleged malicious entry of plaintiff's home in her absence and the removal therefrom of her wearing apparel and other personal effects, and for excluding her therefrom. Plaintiff recovered a verdict in the sum of $1,450 which was reduced by the trial court to $725, and from an order denying his motion for a new trial defendant appeals.

It is undisputed that in September, 1915, plaintiff rented from the defendant two furnished living rooms at a weekly rental of $3.25; that she occupied the same with her husband and children until January 6, 1916, when she went to the hospital for the purpose of lying-in.; that on January 13, in the absence of the plaintiff and the members of her family, defendant entered the rooms, removed therefrom all of plaintiff's belongings, including her wearing apparel, placed them in the hallway below, leased the rooms to other parties and precluded the plaintiff from returning thereto.

There was evidence sufficient to justify the jury in finding that the rent was paid in advance each week including the week ending January 9; that, at the time of the ejectment on January 13, plaintiff was at the hospital in a weak and nervous condition following her confinement; that her husband offered to pay the rent to defendant if he would permit them to re-enter the rooms; that he refused so to do; that when plaintiff left the hospital a few days later she was compelled to go to the home of a neighbor with her babe, and that of the articles so removed certain thereof were injured or lost to the value of $102.50 in the aggregate.

It is contended on behalf of the defendant: (1) That there is not sufficient evidence in the case to warrant an instruction on the question of exemplary damages; (2) that the instruction given on exemplary damages was erroneous in that it did not sufficiently impress upon the jury that it was within its discretion to allow such damages; (3) that the amount of the verdict as reduced was so excessive as to demand a new trial.

It is well settled in actions of this character that whether exemplary damages shall be allowed rests in the discretion of the jury, under all the circumstances of the case. If there is any evidence warranting their allowance, its weight and force rest exclusively with the jury. If it appears from the evidence that the act complained of was wanton, malicious or oppressive, and such as to show a reckless disregard of the rights of the plaintiff, the jury may, in its discretion, award exemplary damages. Vine v. Casmey, 86 Minn. 74, 90 N. W. 158; Berg v. St. Paul City Ry. Co. 96 Minn. 513, 105 N. W. 191; Anderson v. International Harvester Co. 104 Minn. 49, 116 N. W. 101. We think there was testimony to justify the jury in finding that the acts of defendant were wanton and malicious and in utter disregard of the rights of the plaintiff. Plaintiff had paid her rent each Sunday morning in advance. Her husband was a barber, was at his shop during the day and occupied the rooms in question nights during the absence of his wife. Four days after the week's rent became payable defendant, in the absence of all the household, entered the rooms without leave or license, and removed therefrom plaintiff's goods in such a careless manner that ink was spilled over the photographs of her friends, and other articles, and that certain of her wearing apparel was lost, all in apparent utter disregard of the feelings

and rights of plaintiff. Such treatment of one who had paid her rent regularly in advance can hardly be said to mean less than a wanton and total disregard of the rights of the tenant.

The court charged the jury that: "Where a man does a wrong to another and does it oppressively, does it maliciously, does it with a bad motive, does it with a disregard of the other man's rights, he then subjects himself to exemplary damages, and a jury is justified, when the facts and circumstances of the case will warrant it, in imposing such damages as in the judgment of the jury they think that his conduct deserves and which will operate as a deterrent to other people not to do or act in the same manner." The court further charged the jury: "And if you find that he acted maliciously and oppressively and in utter disregard of the rights of these parties, then, in addition to actual damages that you find that the plaintiff sustained, you can impose punitive damages, such punitive damages which in your judgment you think the facts and circumstances warrant."

We think the court, in its charge, gave the jury to clearly understand that, whether exemplary damages might be given, rested entirely with them.

In an action of this character for damages, where the law furnishes no legal rule measuring them, the amount to be awarded rests largely in the discretion of the jury, and, unless so large as to indicate passion or prejudice, the same will not be disturbed upon appeal, especially in such cases as this where the trial court has reviewed and passed upon the same. Mohr v. Williams, 95 Minn. 261, 104 N. W. 12, 1 L.R.A.(N.S.) 439, 111 Am. St. 462, 5 Ann. Cas. 303. It may be said in this case that the court below manifested much care and tolerance during the trial to see that all of the facts and circumstances claimed by the parties went to the jury for what they were worth, and we find no cause for interference with the verdict as reduced.

Affirmed.