## NESTOR HUOVILA v. O. E. FREDERICK.[1]

December 24, 1925.

No. 24,978.

**Evidence warranted verdict for treble damages.**

1. The evidence did not require the jury to find that the defendant had good cause to believe that he owned certain lumber which was taken from the plaintiff by one of defendant's employes, but warranted the jury in awarding plaintiff treble damages.

**Verdict not excessive for taking lumber from owner.**

2. The damages awarded were not excessive and there were no errors in the rulings on the admission of evidence.

1. See Trover and Conversion, 38 Cyc. p. 2089.

2. See Trover and Conversion, 38 Cyc. p. 2104.

Action in conversion in the district court for St. Louis county. The case was tried before Freeman, J., and a jury which returned a verdict in favor of plaintiff. Defendant appealed from an order denying his motion for a new trial. Affirmed.

*D. T. Collins,* for appellant.

*Power, Hario & Mulvahill,* for respondent.

LEES, C.

A statute of this state, section 9396, G. S. 1923, provides:

"Whoever shall carry away * * * lumber * * * of another person, without lawful authority, shall be liable to the owner thereof for treble the amount of damages assessed therefor in an action to recover such damages. But if he shall show, upon the trial, that he had probable cause to believe that such property was his own, * * * judgment shall be given for the actual damages only, and for costs."

One of defendant's employes took a quantity of plaintiff's lumber from the place where it had been sawed and carried it to defendant's

[1]Reported in 206 N. W. 443.

lumberyard, where plaintiff found a portion of it soon after he discovered his loss. He sued for treble damages, alleging; the actual value of the lumber to be $254. At the trial he amended the complaint by alleging the value to be $550. The answer admitted the taking of the lumber, alleged that its value was $106.75, and pleaded, as a defense to the claim for treble damages, that defendant took the lumber in the belief that he owned it. The jury gave plaintiff a verdict for $550, and defendant appealed from an order denying a new trial.

Two principal points are raised: The first, that the verdict is not sustained by the evidence; and the second, that it is excessive. There was evidence from which the jury might find that the lumber was sawed at a mill operated by one Narva and was piled at the mill with other lumber; that defendant, a lumber dealer at Hibbing, had purchased some of the lumber at Narva's mill; that he employed a man named Dempsey to haul it from the mill to defendant's yard, and that Dempsey took plaintiff's lumber, as well as the lumber defendant had purchased. The time when this was done is in dispute, but there was sufficient evidence to warrant a finding that it was more than a month before plaintiff found the lumber; that, when it was brought to his yard, defendant knew it belonged to plaintiff, but took no steps to keep it separate from the other lumber in the yard and that his yardman sold part of it. It is claimed that when he took the lumber Dempsey had probable cause to believe that it belonged to defendant. The basis for the claim is a statement made to Dempsey by Narva's young son that defendant had bought it.

Upon this showing, the jury was not bound to find that Dempsey had probable cause to believe that his employer owned the lumber. Moreover, there was evidence that, after defendant and his yardman knew plaintiff's lumber was in the yard, a considerable portion of it was sold. The jury might well find that there was an intentional appropriation of the lumber in total disregard of plaintiff's rights and a failure to excuse the conversion, hence treble damages might be awarded properly enough. Tait v. Thomas, 22 Minn. 537.

The fact that the actual appropriation of the lumber was the result of the acts of defendant's employes does not relieve him; that is settled by Helppie v. N. W. Drainage Co. 127 Minn. 360, 149 N. W. 461. Potulni v. Saunders, 37 Minn. 517, 35 N. W. 379, is clearly distinguishable. Dempsey's act, if not within the scope of his authority, was ratified by keeping part of the lumber and selling the remainder.

The evidence as to the quantity, quality and market value of the lumber is in conflict. It would not justify a jury in concluding that the lumber was worth $550. The verdict is excessive unless the jury allowed treble damages. The trial court was satisfied that such damages had been awarded and that the amount was not excessive. We concur in this view. Under the evidence, the jury, in determining the actual value of the lumber, would have been justified in fixing it at more than one-third of the amount of the verdict, hence we cannot say that the verdict is excessive.

A number of assignments of error are directed at rulings on the admission of evidence. Counsel for the defendant frankly concedes that these errors "may not be sufficient ground for a new trial." We have examined each of the rulings complained of and find nothing in them which would be likely to be prejudicial to the defendant.

Order affirmed.