### ANTON J. MEIXNER v. OSCAR BUECKSLER AND ANOTHER.[1]

March 10, 1944.

No. 33,668.

[1]Reported in 13 N. W. (2d) 754.

*F. A. Alexander,* for appellant.
*Nelson & Nelson,* for respondent Oscar Buecksler.
*Sawyer & Sawyer,* for respondent Botsford Lumber Company.

YOUNGDAHL, JUSTICE.

Plaintiff appeals from an order denying his motion for a new trial.

This action was brought to recover treble damages for trespass, pursuant to Minn. St. 1941, § 561.04 (Mason St. 1927, § 9585), for cutting down and removing certain trees growing upon plaintiff's property.

At all times material to this action, plaintiff owned the S ½ of the NW ¼ and the NW ¼ of the SW ¼ of section 22, township 107 north, range 20 west, in Steele county. The defendant Botsford Lumber Company, hereinafter called the "company," owned an adjoining tract described as the S ½ of the SW ¼ and the NE ¼ of the SW ¼ of said section. Because of the location and the L shape of the two tracts, three common boundary lines existed between plaintiff's and the company's properties. Only the north-south boundary between plaintiff's NW ¼ of the SW ¼ and the company's NE ¼ of the SW ¼ is material hereto, since the trespass is alleged to have been committed along this line.

The parties appear to have had a mutual agreement to replace the old fences standing on the common boundary lines, although plaintiff asserts that no arrangements were made regarding the north-south fence until after the trees in question were cut. In September 1938, plaintiff and the company built a new fence running east and west between plaintiff's east forty and the company's north forty. The work was done by plaintiff, his son, defendant Buecksler, a tenant and employe of the company, and one helper.

Pursuant to the company's direction, Buecksler began in December 1938 to clear out the brush and cut down the trees preparatory to building a new fence to replace the old one which marked the north-south boundary between plaintiff's south forty and the company's north forty. A survey was made of this line about May 1939, and thereafter plaintiff and Buecksler, together with their helpers, constructed the replacement fence. The third fence was subsequently completed, marking the east-west boundary between plaintiff's south forty and the company's west forty. In the fall of 1939 a settlement was made in which plaintiff paid to the company his share of the cost of the survey and all materials used in the construction of the three fences.

Plaintiff contended in the court below that the defendants unlawfully cut approximately 73 trees on his property prior to building the north-south fence; that he did not authorize the company or its agent to cut any trees on his property; and that such acts were done without his knowledge or consent, and constituted trespass.

Defendants claim that plaintiff had knowledge of and consented to clearing away the brush and cutting the trees and that such acts were necessary in order to carry out the mutual plans of the parties to erect the fence agreed upon and did not constitute trespass. The case was submitted to the jury on the issue of whether the trees were cut pursuant to the fencing agreement. The jury returned a general verdict for defendants.

Plaintiff assigns as error (1) that the evidence overwhelmingly preponderates in his favor on the issue of trespass, and (2) that the court erred in withdrawing the issue of treble damages from the jury.

■ Defendants are the prevailing parties, and upon review the testimony must be considered in the light most favorable to them. Buecksler testified that he cut approximately 69 trees to clear the line for the new fence; that of this number not more than six were west of the line and on plaintiff's land, about half were cut directly on the line, and the remainder were cut to the east of the line and

on the company's property. Plaintiff claims that there were 73 trees cut, of which 33 were bur oak, 39 red oak, and one cherry. The trees cut on the boundary line were the common property of both parties, which neither could destroy without the consent of the other. Harndon v. Stultz, 124 Iowa 440, 100 N. W. 329. Defendants therefore committed a trespass in cutting the trees on the property line as well as those to the west of the line, unless they were acting under license from plaintiff.

■ The record discloses that in 1938 plaintiff and the company made an agreement to fence the three common boundary lines of their properties, including the north-south line dividing the two forties here involved. An old fence fastened to the trees along this line had been in existence since about 1915. It did not exactly coincide with the new fence as established by the survey, but for the purposes of the trial it was agreed, and the court so charged the jury, that it had been in existence sufficiently long to establish the north-south boundary line between the properties.

Defendants do not claim an express agreement or license to cut the trees, but assert that they were impliedly authorized under the fencing arrangement to cut such trees as were reasonably necessary to clear the way for the new fence. The lower court instructed the jury that if plaintiff authorized the clearing out of the trees as a part of a plan to build a new line fence, then the verdict should be for defendants.

The record is clear that no more trees were cut than was consistent with good husbandry in order to erect the fence. Plaintiff testified that the trees cut on his property were not more than two feet west of the line, and he made no serious claim that defendants cut more trees than necessary to build the fence. He contends, rather, that no authority was given to cut any trees, either under the fencing agreement, or otherwise. Plaintiff's conduct is inconsistent with his claim that he did not authorize defendants to do the necessary acts preparatory to constructing the fence. He assisted defendants in building the fence after he knew that the trees were cut. When the three fences were completed, although he

then claimed that some trees on his property were wrongfully cut, plaintiff made a settlement with the company in which he paid his share of the cost of the fences and the survey. Further fortifying defendants' position is the evidence that plaintiff was in the woods several times while Buecksler was cutting the trees, and that he observed the operations from close range but made no protest.

Trespass is not committed if there is permission or consent to do the acts complained of. Sims v. Alford, 218 Ala. 216, 118 So. 395; 63 C. J., Trespass, § 112. Such consent may be implied from circumstances. *Id.* p. 955, § 113. The general rule is that permission to do a particular act carries with it authority and the right by implication to do all that is necessary to effect the principal object and to avail the licensee of his rights under the license. 26 R. C. L., Trespass, § 21; 2 Waterman, Trespass, § 786; Babcock v. Western R. Corp. 50 Mass. (9 Metc.) 553, 43 Am. D. 411.

In Newberry v. Bunda, 137 Mich. 69, 100 N. W. 277, the court had before it the precise question here involved. In that case plaintiff claimed a trespass in the cutting of branches on a certain tree located on his property. The court stated that there was a trespass unless defendant acted under a license. No express license was claimed, but defendant contended he had a right to cut the branches under an implied license, since cutting the limbs was essential to rebuilding a portion of the line fence which the parties agreed should be constructed. Plaintiff insisted that the court should have directed a verdict for him, on the ground that it appeared as a matter of law that the cutting of the branches was not necessary to the building of the fence. The court held that it was a fact question for the jury and affirmed a judgment for defendant.

In the instant case, there was ample evidence for the jury to find that the trees were cut pursuant to a plan and agreement to build a fence; that no more trees were cut than was reasonably necessary properly to construct such fence; and that therefore no trespass was committed. Plaintiff's reliance upon Lawrenz v. Langford Elec. Co. 206 Minn. 315, 288 N. W. 727, is unavailing. That case is clearly distinguishable on the facts, as there was no

claim of joint participation in a fencing agreement, and plaintiff did not consent, either expressly or impliedly, to cutting the trees in question.

■ Plaintiff contends that the court erred in withdrawing from the jury the issue of treble damages. He claimed actual damage in the sum of $600 to $700, which represented the difference in the value of his farm before and after cutting the trees. Defendants introduced testimony showing that no damage resulted therefrom and that plaintiff's farm was worth as much, if not more, after the trees were cut. If the general verdict for defendants was based upon the jury's conclusion that a trespass had not been committed, no harm resulted to plaintiff in the court's refusal to submit the issue of treble damages. Further, if the verdict was based upon a finding that, although a trespass was committed, no actual damage resulted to plaintiff therefrom, he is still in no position to complain, since said § 561.04 (§ 9585) provides in part:

"Whoever without lawful authority cuts * * * any tree * * * on the land of another person * * * is liable in a civil action to the owner of such land * * * for treble the amount of damages *which may be assessed therefor.* * * *" (Italics supplied.)

The language of the statute is clear that treble damages may be awarded only upon an assessment of actual damage. Since the jury did not assess actual damage, treble damages could not be awarded to plaintiff. The general rule in this state, as well as in some other jurisdictions, is that exemplary damages properly may be allowed only when the plaintiff is found entitled to actual or compensatory damages. Erickson v. Pomerank, 66 Minn. 376, 69 N. W. 39, 16 Minn. L. Rev. 438. This rule has also been applied where the cause of action was created by statute, which has been construed not to authorize the imposition of exemplary damages unless actual damages have been proved. Freese v. Tripp, 70 Ill. 496; Carpenter v. Hyman, 67 W. Va. 4, 66 S. E. 1078, 20 Ann. Cas. 310. We hold the same rule applicable here.

Affirmed.