**Gordon Eugene MONDT et al., Respondents,**

v.

**SEXTER REALTY COMPANY et al., Appellants.**

No. 50186.

Supreme Court of Minnesota.

May 23, 1980.

Corrick & Wood and John W. Wood, Jr., Robbinsdale, for appellants.

Cloutier, Musech, Dobis & Johnston and Cortlen G. Cloutier, Minneapolis, for respondents.

Heard by OTIS, TODD, and YETKA, JJ., and considered and decided by the court en banc.

OTIS, Justice.

Defendant Sexter Realty Co. converted personal property of plaintiff when defendant changed the locks on plaintiffs' house prior to cancellation of a contract for deed under which plaintiffs were purchasing the house. The trial court held defendants liable for a total of $4,190, of which $3,600 were treble damages under Minn.Stat. § 548.05 (1978), for the conversion of plaintiffs' furniture, toys, clothing, and other

household items. Defendants appealed on the grounds that the statute was improperly applied and that the evidence was insufficient to support the verdict. We affirm in part and reverse in part.

Unless it can be shown "that he had probable cause to believe that such property was his own, or was owned by the person for whom he acted," Minn.Stat. § 548.05 (1978) allows treble damages to be assessed against "[w]hoever shall carry away, use or destroy any wood, timber, lumber, hay, grass, or other personal property of another person, without lawful authority [to do so] * * *." In *Berg v. Baldwin*, 31 Minn. 541, 18 N.W. 821 (1884) we noted the highly penal nature of the statute and interpreted the phrase "other personal property" to be limited to "products of the soil" or things "produced by and grown upon land." *Id.* at 542–43, 18 N.W. at 822. None of the personal property involved in this case is a product of the soil within the meaning of *Berg v. Baldwin* which we decline to overrule. The award of treble damages is therefore reversed and is reduced to $1,200.

We have reviewed the record and find the evidence sufficient to support the findings of the trial court.

Affirmed in part, reversed in part, with no costs assessed against either party.