Dean E. JOHNSON, et al., Respondents,

v.

Verne JENSEN, et al., Appellants.

No. CO–88–1456.

Court of Appeals of Minnesota.

Dec. 27, 1988.
Review Granted Feb. 10, 1989.

Steven J. Running, Duluth, for respondents.

William Starr, Minneapolis, for appellants.

Heard, considered and decided by RANDALL, P.J., and FOLEY and SCHUMACHER, JJ.

## OPINION

RANDALL, Judge.

Appellants appeal from the denial of their motion for JNOV and for a new trial. They allege error in the jury instructions which allowed the imposition of both statutory treble compensatory damages and punitive damages. Respondents seek review from the denial of their motion for costs, disbursements, witness fees, and reasonable attorney fees.

We affirm.

## FACTS

Respondents, Dean E. and Nancy A. Johnson, own a parcel of property located just northwest of the intersection of Interstate 35 and Highway 23 in Pine County, Minnesota. Respondents owned the property since April 20, 1981. There is a private asphalt road just inside the western border of respondents' property, providing them access to Highway 23.

In the fall of 1986, appellants, Verne and Kathleen Jensen, purchased a parcel of property adjacent to the western boundary of respondents' property. Appellants are both licensed real estate agents and their intention was to locate a real estate office building on the property.

Shortly after appellants purchased their property they requested an easement across respondents' private asphalt surfaced road. Because of concerns about increased traffic and potential liability exposure, respondents refused.

Appellants used the private road despite respondents' explicit instructions not to. Appellants also began constructing a driveway from respondents' road onto their own property. Brush and trees were cleared, and dirt was removed from respondents' property. When respondents discovered the driveway construction, they placed a fence along what they believed to be the boundary line of their property. Two days later they found the fence had been removed and additional excavation had been done on their land. A culvert had also been installed, part of which was on respondents' land, and deep ruts were left on respondents' land from a truck operated by appellants' contractor.

Respondents commenced a trespass action against appellants and obtained a temporary restraining order prohibiting any further acts of trespass. In their complaint, respondents sought compensatory damages for damage to their property. With consent of the trial court, respondents' complaint was subsequently amended to include a claim for punitive damages pursuant to Minn.Stat. § 549.20 (1986). In their trial brief, appellants admit that a trespass did in fact occur. They contend, however, that the trespass was inadvertent and the damage caused was minimal.

The matter was tried to a jury. The trial court granted both parties opportunity to submit and object to proposed jury instructions. Both parties submitted proposed instructions. Instructions were given regarding the elements necessary for both treble and punitive damages. At no time did appellants' counsel object to the damage instructions. Nor did appellants object to respondents' proposed special verdict form.

In response to the special verdict interrogatories, the jury returned the following special verdict:

1. Appellants did trespass on real estate owned by respondents.
2. In trespassing upon respondents' property, appellants caused $1,800.00 in damage, of which $1,500.00 was found to relate specifically to appellants' destruction of trees, shrubs or bushes.
3. The $1,500.00 in damages referred to above were trebled by the jury to the sum of $4,500.00.
4. Appellants failed to establish by a preponderance of the evidence that their trespass was casual or involuntary or that they had probable cause to believe

**474**

the trees, shrubs or bushes destroyed were theirs, and not respondents.

5. Respondents established by clear and convincing evidence that the acts of appellants in trespassing upon their property showed a willful indifference to respondents' rights.

6. The jury awarded the sum of $9,000.00 in punitive damages.

After trial, respondents moved for an order awarding them costs, disbursements and reasonable attorney and witness fees, pursuant to Minn.Stat. § 549.21, subd. 2 (1986).

Appellants subsequently moved the trial court for an order directing judgment notwithstanding the verdict (JNOV), or to reduce the amount of the judgment to $4800 plus interest, costs and disbursements. Appellants asserted, for the first time, that it was improper for the trial court to allow the imposition of both treble compensatory damages and punitive damages. In the alternative, appellants moved for a new trial.

The trial court denied all motions. Appellants' motion for JNOV and a new trial was denied because the trial court found that appellants waived any objections they may have had by failing to object to the proposed jury instructions prior to their submission to the jury, and by failing to assert their objections at trial. In addition, the trial court specifically found that treble and punitive damages may be awarded in cases such as this, that the jury's verdict was justified by the evidence, and that it was not contrary to law. Respondents' motion for attorney fees was denied because the trial court found there was an actual good faith dispute as to the amount of damages appellants' actions caused respondents to suffer.

Appellants appeal from the order denying the motion for JNOV or a new trial. Respondents seek review from that part of the order denying their motion for § 549.21 costs, disbursements and reasonable attorney and witness fees.

ISSUES

1. Did the trial court err by denying appellants' motion for JNOV?

2. Did the trial court err by denying appellants' motion for a new trial?

3. Did the trial court err by denying respondents' motion for costs, disbursements and reasonable attorney and witness fees?

ANALYSIS

I.

*Motion for JNOV*

On appeal from an order denying a motion for JNOV, the trial court's order should stand if there is competent evidence reasonably tending to sustain the verdict. *Bisher v. Homart Development Co.*, 328 N.W.2d 731, 733 (Minn.1983). Unless the evidence is practically conclusive against the verdict, or that reasonable minds could reach but one conclusion against the verdict, the verdict should not be set aside. The evidence must be viewed in the light most favorable to the verdict. *Id.*

Based on the record, the jury's finding that the trespass showed a willful indifference to respondents' rights is supported by competent evidence. Appellants instructed respondents not to use their road and actually placed a fence along the boundary line of their property. Despite these instructions, appellants continued to use the road and went so far as removing respondents' fence to continue excavation on respondents' property. These facts are competent evidence sustaining the jury's verdict that the trespass demonstrated willful indifference to respondents' rights. The trial court's order denying appellants' motion for JNOV was proper.

II.

*Motion for a new trial*

This court's standard of review of a trial court's denial of a motion for a new trial is narrow. The granting of a new trial rests in the discretion of the trial court, and the trial court's decision will be reversed only

for a clear abuse of discretion. *Heroff v. Metropolitan Transit Commission*, 373 N.W.2d 355, 356 (Minn.Ct.App.1985), *pet. for rev. denied* (Nov. 18, 1985).

The right to a new trial because of errors of law occurring during trial is governed by Minn.R.Civ.P. 59.01(6). That rule states, in pertinent part:

A new trial may be granted to all or any of the parties and on all or part of the issues for any of the following causes: * * * (6) Errors of law occurring at the trial, and objected to at the time or, if no objection need have been made under Rules 46 and 51, plainly assigned in the notice of motion.

*Id.* Therefore, as a general rule, a new trial may be granted on the basis of errors of law only where those alleged errors were objected to at the time of trial.

■ There are, however, exceptions to this general rule. Minn.R.Civ.P. 51 is one such exception. This rule states, in pertinent part:

An error in the instructions with respect to fundamental law or controlling principle may be assigned in a motion for a new trial though it was not otherwise called to the attention of the court.

*Id.* Taken together, the rules permit a party to move the trial court for a new trial based upon erroneous jury instructions, even though no objection was made before the jury retired. *Donald v. Moses*, 254 Minn. 186, 194, 94 N.W.2d 255, 261 (1959).

Appellants first raised their objection to the jury instructions in their motion for new trial. Therefore, appellate review of the jury instructions is limited to errors in fundamental law or controlling principle. Minn.R.Civ.P. 51; *Palatine Natl. Bank of Palatine v. Olson*, 366 N.W.2d 726, 731 (Minn.Ct.App.1985). Unless this court finds the alleged error (instructions allowing imposition of both treble compensatory damages and punitive damages) was one of fundamental law or controlling principle, it must affirm the denial of appellants' motion for a new trial.

Is the alleged error an error of fundamental law or controlling principle?

■ An error in jury instructions is fundamental if it destroys the substantial correctness of the charge as a whole, causes a miscarriage of justice, or results in substantial prejudice on an issue vital in the litigation. *Clifford v. Peterson*, 276 Minn. 142, 145, 149 N.W.2d 75, 77 (1967); *Law v. Essick Mfg. Co.*, 396 N.W.2d 883, 889 (Minn.Ct.App.1986), *pet. for rev. denied* (Jan. 27, 1987).

The relevant statutes regarding treble compensatory damages and punitive damages are Minn.Stat. §§ 548.05 (1986), 561.04 (1986), and 549.20, subd. 1 (1986). For the sake of argument, and because the amount of damages was significantly increased by the court's instructions, we consider the issue important enough to be addressed even though respondents correctly point out that it was not timely raised. However, the consideration normally given to the issue of timeliness is rendered moot because we find that the trial court's jury instructions were proper. Therefore, even if appellants had timely objected at trial, we affirm the trial court's instructions.

Minn.Stat. § 548.05 provides, in pertinent part:

Whoever shall carry away, use or destroy any wood, timber, lumber, hay, grass, or other personal property of another person, without lawful authority, shall be liable to the owner thereof for treble the amount of damages assessed therefor in an action to recover such damages. If upon trial, the defendant proves having probable cause to believe that such property was the defendant's own, or was owned by the person for whom the defendant acted, judgment shall be given for the actual damages only, and for costs.

*Id.* Similarly, Minn.Stat. § 561.04 provides, in pertinent part:

Whoever without lawful authority cuts down or carries off any wood, underwood, tree, or timber, or girdles or otherwise injures any tree, timber, or shrub, on the land of another person, or in the street or highway in front of any per-

son's house, city lot, or cultivated grounds, * * *, is liable in a civil action to the owner of such land, or to such city or town, for treble the amount of damages which may be assessed therefor, unless upon the trial it appears that the trespass was casual or involuntary, or that the defendant had probable cause to believe that the land on which the trespass was committed was the defendant's, or that of the person in whose service or by whose direction the act was done, in which case judgment shall be given for only the single damages assessed. This section shall not authorize the recovery of more than the just value of timber taken from uncultivated woodland for the repair of a public highway or bridge upon or adjoining the land.

*Id.*

Regarding punitive damages, Minn.Stat. § 549.20, subd. 1, provides as follows:

Punitive damages shall be allowed in civil actions only upon clear and convincing evidence that the acts of the defendant show a willful indifference to the rights and safety of others.

*Id.*

■ Appellants argue that treble damages for the destruction of trees, shrubs or bushes are punitive in nature. Therefore, appellants claim permitting both treble damages and punitive damages effectively permits an unfair double recovery for the same injury.

We disagree. There has been a treble damages statute regarding trespass in the State of Minnesota for over 100 years. *See Berg v. Baldwin*, 31 Minn. 541, 18 N.W. 821 (1884). The original statutory predecessors are virtually identical to Minn.Stat. §§ 548.05 and 561.04. *See* Laws 1868, c. 75, §§ 1, 2; Gen.Stat. § 8090 (1913). Appellants point out that these statutory predecessors have been referred to as "penal" in nature in case law. *Helppie v. Northwestern Drainage Co.*, 127 Minn. 360, 149 N.W. 461 (1914); *Berg*, 31 Minn. at 542, 18 N.W. at 822. They have also been referred to as "exemplary" in nature. *Meixner v. Buecksler*, 216 Minn. 586, 591, 13 N.W.2d 754, 757 (1944). However, none

of these cases deal directly with the question of whether, in a trespass case, punitive damages are allowed in addition to the treble damages allowed by statute.

An old case does tend to support respondents' position. In 1888, despite the existence and applicability of treble damages statutes, the Minnesota Supreme Court held that where there is competent evidence to prove defendant's knowledge and willfulness, an instruction on exemplary (punitive) damages is warranted. *See Heartz v. Klinkhammer*, 39 Minn. 488, 40 N.W. 826 (1888) (action for willful trespass in unlawfully entering upon plaintiff's premises and carrying away a quantity of grain). Similarly, in 1919, the court held that in an action for malicious trespass, whether exemplary damages shall be allowed rests in the discretion of the jury, under all circumstances of the case. *Johnson v. Wolf*, 142 Minn. 352, 172 N.W. 216 (1919).

Although neither *Heartz* nor *Johnson* stated specifically that both statutory treble damages and punitive damages are available in trespass cases, that is the logical inference. Further, although they may seem to overlap at times, treble damages and punitive damages are not identical twins, and the recovery of both does not *per se* represent an impermissible double recovery.

The standard or proof required for the imposition of punitive damages is not the same as the standard or proof required for the imposition of treble damages. The imposition of punitive damages pursuant to Minn.Stat. § 549.20, subd. 1 requires " * * * clear and convincing evidence that the acts of the defendant show a willful indifference to the rights and safety of others." *Id.* On the other hand, the standard for awarding treble damages, pursuant to Minn.Stat. § 548.05, requires that appellants have something less than "probable cause" to believe the property was their own. *Id.* Similarly, the standard for awarding treble damages, pursuant to Minn.Stat. § 561.04, is that the trespass was not "casual or involuntary," or, again, that appellants had something less than

"probable cause" to believe the land on which the trespass was committed was their own.

Since the legislature has articulated different standards for imposition of treble damages and imposition of punitive damages, and since they did not expressly provide otherwise, we cannot find that, as a matter of law, treble damages in land trespass cases are awarded to the complete exclusion of punitive damages. To hold otherwise would mean that, no matter how egregious the conduct of a defendant in a land trespass case, a jury could never award more than treble damages. We find nothing in either case law or statutory law indicating a legislative intent that in land trespass cases, punitive damages can *never* be awarded contemporaneously with treble damages.

Treble damages provided by statute go to the nature of the injury in that they are invoked only when a trespass results in damage to certain types of property. Minn.Stat. §§ 548.05; 561.04. On the other hand, punitive damages are not based on the nature of the injury, but on the state of mind of the party causing the injury. Minn.Stat. § 549.20, subd. 1. Following this reasoning, treble damages and punitive damages in land cases are not automatically duplicative, and the imposition of both does not have to represent double recovery.

Appellants argue that the mere presence of the punitive damage instruction was prejudicial. However, once a court is satisfied that the issue of punitive damages can go to the jury, of necessity, the plaintiff is entitled to some type of punitive damage instruction. The jury instructions, taken in their entirety, show that the trial court properly instructed the jury on the elements necessary to award treble damages, and the elements necessary to establish the right to recover punitive damages. The trial court properly separated the two. The jury instructions, contrary to appellants' assertion, did not mandate an award of both treble and punitive damages. Both types of damages were left to the discretion of the jury.

We hold that the trial court's jury instructions on treble and punitive damages were proper.

## III.

*Motion for attorney fees, costs and disbursements*

Minn.Stat. § 549.21, subd. 2, permits the trial court to award a party costs, disbursements and reasonable attorney fees against a party who acted in bad faith during the course of litigation. *Id.* Whether to grant a motion brought under this statute is within the discretion of the trial court. *Id.* Upon review, the trial court's decision will be overturned only upon a finding of abuse of discretion by the trial court. *Gary Builders Supply, Inc. v. Menard, Inc.*, 378 N.W.2d 98, 101 (Minn.Ct. App.1985).

The trial court based its decision to deny respondents' motion for § 549.21 attorney fees on its finding that there was an actual good faith dispute, not as to liability, but as to the amount of damage suffered by respondents. Determination that there was a good faith dispute on the amount of damages is supported by the record, and we do not disturb the trial court's ruling on this issue.

## DECISION

The trial court did not err by denying appellants' motion for JNOV or a new trial. The trial court's instructions on treble damages and on punitive damages were proper, and the record supports the jury's award of both kinds of damages. The trial court did not err by denying respondents' motion for costs and attorney fees.

AFFIRMED.