Dean E. JOHNSON, et al., Respondents,

v.

Verne JENSEN, et al., Appellants.

No. C0–88–1456.

Supreme Court of Minnesota.

Oct. 20, 1989.

Mark L. Seeger, William Starr & Associates, Minneapolis, for appellants.

Steven J. Running, Mundt & Associates, Duluth, for respondents.

COYNE, Justice.

This action for trespass to land comes to us on defendants' petition for further review of a decision of the court of appeals affirming judgment awarding plaintiffs' actual damages of $1,800, with the portion attributable to the destruction of trees, shrubs and brush trebled pursuant to Minn. Stat. § 561.04 (1988), and also punitive damages in the amount of $9,000 pursuant to Minn.Stat. § 549.20 (1988). *Johnson v. Jensen*, 433 N.W.2d 472, 477 (Minn.App. 1988). We affirm in part, reverse in part and remand.

The plaintiffs and the defendants are owners of adjacent parcels of land. The defendants, who intended to build a real estate sales office on their land, asked the plaintiffs for an easement over the plaintiffs' private road. Expressing concern over an increase in traffic and greater exposure to tort liability, the plaintiffs refused to grant the requested easement. Nevertheless, the defendants hired a contractor to clear trees and brush and to build a connecting driveway to plaintiffs' private road. When a newly erected fence failed to halt the trespass, plaintiffs commenced this action for trespass and later amended their complaint to seek punitive damages pursuant to Minn.Stat. § 549.20.

The defendants did not oppose the amendment. Neither did they object to the trial of plaintiffs' claim for punitive damages although they had earlier conceded that a trespass had occurred. By special verdict submitted without objection the jury found that the defendants had not proved that the trespass was casual or involuntary or that the trees and shrubs destroyed were theirs. Damages from the trespass were set at $1,800, $1,500 of which was trebled pursuant to Minn.Stat. § 561.04 because it represented damages to trees and shrubs. The jury also found that the plaintiffs had established by clear and convincing evidence that the defendants had been willfully indifferent to the plaintiffs' rights and awarded punitive damages in the amount of $9,000.

Not until their motion for a new trial did the defendants question the plaintiffs' right to seek punitive damages beyond the treble damages provided by statute for cutting down trees and shrubs on the land of another. The record on appeal does not include a transcript of the trial or the instructions to the jury, and defendants do not now complain of the content of the instructions but only of the submission of the case on a theory of punitive damages as well as statutory treble damages. As a general rule, litigants are bound on appeal by the theory or theories, however erroneous or improvident, upon which the case was actually tried. *E.g., Hart v. Bell*, 222 Minn. 69, 74, 23 N.W.2d 375, 378 (1946). Accordingly, having consented to the trial of the plaintiffs' entitlement to punitive damages, defendants may not now contend that the plaintiff is limited to the recovery of treble damages pursuant to Minn.Stat. § 561.04. Nor, on the record before us, can we consider the contention that puni-

tive damages pursuant to Minn.Stat. § 549.20 are not available when property rights alone are implicated.

We are, however, of the opinion that plaintiffs may not recover both treble damages pursuant to section 561.04 and punitive damages pursuant to section 549.-20. Ordinarily an election of remedies should be made before the case is submitted to the trier of fact, but because the question was first raised in defendants' motion for a new trial, the plaintiffs gain the advantage of hindsight. Counsel for plaintiffs having advised the court during oral argument that if put to their election, plaintiffs would, of course, elect to recover punitive damages, we affirm in part and reverse in part and remand for entry of judgment in favor of plaintiffs in the amount of $10,800, representing compensatory damages of $1,800 plus punitive damages of $9,000.

Affirmed in part and reversed in part and remanded for entry of judgment for plaintiffs in the amount of $10,800.