JOHN WILLIAM WEFEL, A MINOR, BY JOHN WEFEL, HIS
FATHER AND NATURAL GUARDIAN, AND OTHERS
v. PAUL V. NORMAN.

207 N. W. 2d 340.

May 4, 1973—No. 43584.

*Richard C. Smith* and *P. Nadine James,* for appellants.

*Meagher, Geer, Markham, Anderson, Adamson, Flaskamp & Brennan, J. Richard Bland,* and *O. C. Adamson II,* for respondent.

Heard before Knutson, C. J., and Otis, Kelly, and Olson, JJ.

PER CURIAM.

These claims arise out of injuries sustained by two minor children who were struck by defendant's automobile as they crossed the intersection of 43rd Street and Lyndale Avenue South in Minneapolis on December 2, 1968. The issue is whether the jury's failure to determine damages after finding defendant free from liability requires a new trial. We hold that it does not and affirm.

In rendering a special verdict, the jury found each child guilty of 100-percent negligence and defendant entirely free from negligence. The verdict returned by the jury showed no damages sustained by the children, although it found the father's damages to be $2,400.

Since it is conceded that the minor plaintiff John William Wefel was very seriously injured, plaintiffs argue that the failure to determine the amount of damages sustained by the boys renders the verdict perverse and requires a finding that it was influenced by passion and prejudice. They argue that under such circumstances it was a "clear abuse of discretion" to deny a new trial. It is further contended that the findings on liability are not supported by the evidence.

It is clear that the jury realized that their findings on liability rendered the damage question moot. During their deliberations they returned to ask the court if it was necessary to fix the damages under such circumstances. Although they disregarded the trial court's direction by failing to decide the damage issue, and it would have been better practice to insist on the jury's complying with his order, we find no error which requires a new trial.

There was ample evidence to support the verdict on liability. On the question of damages, we adopt the position of the Wisconsin Supreme Court, which held in Sell v. Milwaukee Auto. Ins. Co. 17 Wis. 2d 510, 519, 117 N. W. 2d 719, 724 (1962):

"The rule is that where a jury has answered other questions so as to determine that there is no liability on the part of the defendant, which finding is supported by credible evidence, the denial of damages or granting of inadequate damages to the plaintiff does not necessarily show prejudice or render the verdict perverse."

This rule has been applied in Dahl v. K-Mart, 46 Wis. 2d 605, 613, 176 N. W. 2d 342, 346 (1970); and Bartell v. Luedtke, 52 Wis. 2d 372, 378, 190 N. W. 2d 145, 149 (1971).

Affirmed.