## GERALD B. GOBLIRSCH v. WESTERN LAND ROLLER CO. GERALD B. GOBLIRSCH AND ANOTHER v. DONALD ORTH AND ANOTHER.

246 N. W. 2d 687.

October 15, 1976—Nos. 45575, 45867.

*Prindle, Maland & Stennes* and *W. D. Prindle,* for appellants.
*Gislason, Dosland, Hunter & Malecki* and *Robert M. Halvorson,* for respondents.

Heard before Rogosheske, Peterson, and Todd, JJ., and considered and decided by the court en banc.

ROGOSHESKE, JUSTICE.

These are consolidated appeals from two judgments adverse to plaintiff, Gerald Goblirsch, in his twin lawsuits against his employers, Donald and Charles Orth,[1] and against the manufacturer of the corn grinding machine in which he lost his right hand while working as a farmhand on the Orth farm. Upon trial

---

[1] Charles Orth died before commencement of the action so his executor was sued. Donald Orth and the executor will be referred to herein as defendants Orth.

of the first suit against the manufacturer, Western Land Roller Co., the jury returned a special verdict finding that neither plaintiff nor defendant was negligent, that defendant was not strictly liable, and that plaintiff assumed the risk of his own injury. The jury also found that plaintiff suffered zero general damages and $9,500 special damages. In the subsequent suit by plaintiff against his employers, the trial court granted summary judgment for defendants on the ground that the finding of the jury in the first case that plaintiff assumed the risk collaterally estopped plaintiff from pursuing the second action. On these consolidated appeals, plaintiff contends (1) that the jury was improperly influenced by passion, prejudice, and certain off-the-record remarks by a spectator to the proceedings; (2) that the trial court erred in the first case in failing to instruct the jury on breach of express and implied warranty; and (3) that the jury finding of assumption of risk in the first case does not bar the subsequent action against the employers in the second case. We find no merit in these contentions and accordingly affirm.

The essential facts underlying this case are simple and admitted. Plaintiff is a farmhand who has been employed by defendants Orth for several years and who had used defendant Western Land Roller's grinding and mixing machine on numerous occasions. When wet corn was fed into the machine, the corn would often stick on the inclined intake chute, making it necessary to push the corn part way down the chute. Plaintiff, who grew up on a farm and was familiar with farm machinery of this type, had performed this task many times. On December 7, 1971, while doing so, he caught his right hand in the base of the chute, where it was crushed and cut by the machine.

At the threshold, plaintiff argues that the fact the jury returned a finding of zero general damages for an injury which plainly involved considerable pain, suffering, and permanent disability, as well as lost earnings, indicates that the jury's entire verdict was a product of passion and prejudice. In Wefel v. Norman, 296 Minn. 506, 508, 207 N. W. 2d 340, 341 (1973), we

quoted with approval the Wisconsin Supreme Court in Sell v. Milwaukee Auto. Ins. Co. 17 Wis. 2d 510, 519, 117 N. W. 2d 719, 724 (1962):

"* * * [W]here a jury has answered other questions so as to determine that there is no liability on the part of the defendant, which finding is supported by credible evidence, the denial of damages or granting of inadequate damages to the plaintiff does not necessarily show prejudice or render the verdict perverse."

See, also, Kirby v. Frank, 301 Minn. 488, 221 N. W. 2d 712 (1974). In the present case, the trial judge found that there was ample credible evidence to support the jury's verdict on the liability issues and that the jury's failure to follow instructions on the damage issues was harmless error. We agree.

Plaintiff next contends that the trial court abused its discretion in not granting a new trial and in not interrogating jurors about the prejudicial effect of remarks allegedly made by a third party during the course of the trial and in the presence of the jury to the effect that "if the jury buys the plaintiff's case they are crazy" and "[m]ost cases of this kind are thrown out of Court even before they even reach the jury." These alleged remarks were first called to the attention of counsel and the trial judge by plaintiff after the jury had retired but before a verdict had been reached. The trial judge, after carefully considering the issue, declined to interrogate the jurors individually as to what they had heard and denied a post-trial motion for a new trial.

We have recognized in the past that the question of granting a new trial for the claimed prejudicial misconduct of counsel in the presence of the jury is governed by no fixed rules but rests almost wholly in the discretion of the trial court, whose action will not be reversed except for a clear abuse of discretion or unless the conduct is so prejudicial that it would be a miscarriage of justice to permit the result to stand. Wilson v. Sorge, 256

Minn. 125, 97 N. W. 2d 477 (1959) ; Ismil v. L. H. Sowles Co. 295 Minn. 120, 203 N. W. 2d 354 (1972).

We believe this same test should apply in reviewing the effect of the alleged prejudicial misconduct of a spectator in the presence of the jury. Having reviewed the record with care, we are persuaded that the trial judge did not abuse his discretion in denying a motion for a new trial. See, Reese v. Ross & Ross Auctioneers, Inc. 276 Minn. 67, 149 N. W. 2d 16 (1967). It does not appear from the record that plaintiff ever formally requested that the trial court conduct a post-verdict interrogation of the jurors about the prejudicial effect, if any, of the remarks by the spectator. We have approved the use of such hearings under the supervision of the trial judge, and had a clear and timely request been made, it would not have been inappropriate to conduct such a hearing in this case. See, Schwartz v. Minneapolis Suburban Bus Co. 258 Minn. 325, 104 N. W. 2d 301 (1960) ; Olberg v. Minneapolis Gas Co. 291 Minn. 334, 191 N. W. 2d 418 (1971).

Plaintiff asserts the trial court erred in refusing to instruct the jury in the Western Land Roller case on whether the corn grinder as designed and manufactured breached an express warranty that it could perform efficiently and safely with wet corn (Minn. St. 336.2—313) and breached an implied warranty of merchantability (§ 336.2—314) or fitness for use in grinding wet corn. The trial judge refused to instruct on these warranty theories because he stated the instructions would have been mere surplusage, redundant in view of the instructions on strict liability.

In Farr v. Armstrong Rubber Co. 288 Minn. 83, 89, 179 N. W. 2d 64, 68 (1970), we held in a suit by a driver against a tire manufacturer that it was not error for purposes of an instruction on strict liability to define a product as defective "if it fails to perform reasonably, adequately and safely the normal, anticipated or specified use to which the manufacturer intends that it be put." We went on to note that under this definition the legal theories of strict liability and breach of implied warranty of mer-

chantability are closely related, involving similar proof. See, Restatement, Torts 2d, § 402A. Because plaintiff-appellant has failed to supply a complete text of the jury instructions actually given in the instant case, it is not possible for us to know how the trial judge below defined "defect" in his strict-liability instruction. If, as the memorandum of the trial court suggests, the given definition was similar to that in Farr, then in our view plaintiff was not prejudiced by the absence of an implied-warranty instruction since, when the jury by special interrogatory determined that the grinder was not in a defective condition and not "unreasonably dangerous to the user," it also necessarily determined that the grinder was not unmerchantable because unsafe for grinding wet corn.

In Lee v. Crookston Coca-Cola Bottling Co. 290 Minn. 321, 188 N. W. 2d 426 (1971), we held that the plaintiff, who had been injured by an exploding pop bottle, was entitled to a new trial. One ground for our decision was that, while the jury had been instructed on implied warranty, the trial judge had wrongly refused to instruct on strict liability. We reasoned that the jury could have concluded that the bottle was defective when it left the defendant's control but that the defendant was not liable because the defect did not result from negligence. This defense would not be available under a strict-liability instruction. Plaintiff Goblirsch can obtain no aid from our holding in Lee, however, because, unlike the plaintiff in Lee, Goblirsch received the benefit of the stronger and broader instruction on strict liability and was denied only an instruction on breach of implied warranty, which, in the circumstances of this case, merely would have been redundant and possibly confusing.

Plaintiff Goblirsch was not prejudiced by the absence of an instruction on express warranty for the same reasons that the absence of a charge on implied warranty was harmless. In determining that the grinder was not defective in the sense of being unsafe for use with wet corn, the jury necessarily found that de-

fendant had not breached any express warranty that the grinder was safe for use with wet corn.

Even if we were to assume arguendo that the failure to give warranty instructions was error, it was harmless in view of the jury's determination that plaintiff assumed the risk of injury from the dangerous feeder chute on the grinder, which determination the trial judge concluded was "amply sustained by the record," including the testimony of plaintiff himself. In Nelson v. Anderson, 245 Minn. 445, 72 N. W. 2d 861 (1955), we held that contributory negligence is a defense to breach of warranty in so far as a right to recover consequential damages is concerned. The ground for that holding was that breach of warranty is in part a tort theory subject to traditional tort defenses. See, also, Gardner v. Coca-Cola Bottling Co. 267 Minn. 505, 127 N. W. 2d 557 (1964). If, as the Nelson case indicated, breach of warranty is a tort theory, it is reasonable to conclude, as we now do, that breach of warranty, like other tort theories, is subject to the tort defense of assumption of risk, which prior to Springrose v. Willmore, 292 Minn. 23, 192 N. W. 2d 826 (1971), constituted a complete bar to a plaintiff's recovery. The jury's independent finding of assumption of risk in this pre-Springrose case thus completely barred any potential recovery on breach of either express- or implied-warranty claims, so the decision not to submit instructions on the warranty claims in no way prejudiced plaintiff.

After the jury verdict and judgment adverse to his action against the corn grinder manufacturer, plaintiff Goblirsch brought the action against defendants Orth, his farm employers before, during, and after the grinder accident. The trial judge granted summary judgment for the farm employers, holding that Goblirsch was collaterally estopped from successfully asserting a claim against them by reason of the jury's special verdict in the Western Land Roller case that he assumed the risk of injury from the grinder's dangerous feeder chute. Plaintiff contends that he is not collaterally estopped by the first verdict and that

it was error to grant summary judgment in favor of defendants Orth because the jury's determination in the first case that plaintiff assumed the risk was not necessary to support the verdict or the judgment and was a mere incidental finding since the jury found Western Land Roller not negligent and not strictly liable. Only those facts necessarily determined in the prior action, plaintiff argues, may be asserted by way of an estoppel by verdict in a subsequent action.

In our view, plaintiff's argument disregards the fact that the jury's finding of assumption of risk was based on a full and complete litigation of that issue, and such a finding is an independent and alternative basis for the jury's verdict and thus available for use as a collateral estoppel. In Restatement, Judgments, § 68, *comment n,* the author states in part:

"*n. Alternative grounds.* Where the judgment is based upon the matters litigated as alternative grounds, the judgment is determinative on both grounds, although either alone would have been sufficient to support the judgment."

In this case, the jury's findings that Western Land Roller was not negligent and not strictly liable are no more or less necessary to the verdict than the finding that Goblirsch assumed the risk. The findings exonerating Western Land Roller and the finding Goblirsch assumed the risk are independent and alternative grounds equally part of the same verdict. The doctrine of estoppel by verdict should thus apply to these findings of the first case. See, Lustik v. Rankila, 269 Minn. 515, 131 N. W. 2d 741 (1964).

Plaintiff also argues that the estoppel doctrine does not apply since the assumption-of-risk issue adjudicated in the first case is not identical to the assumption-of-risk issue presented in the Orth case. He contends that the doctrine of assumption of risk is a unique defense assertable only in reference to specific allegations of negligence against a specific defendant. Since the negligence alleged against Western Land Roller (negligent de-

sign, construction, and manufacture) is different from that alleged against the Orths (failure to instruct, failure to provide safe place to work, failure to maintain grinder), plaintiff urges that the defense of assumption of risk differs in the two cases. We disagree for the reasons set forth by the trial judge in his memorandum accompanying his order granting summary judgment:

"* * * In the present case if we assume that the defendants created a risk by failing to provide a safe place to work, failure to warn of the danger, and failure to instruct the plaintiff, the risk involved is the grinder in question. There was no risk to which Goblirsch could have been exposed by reason of his employers' negligence other than the hazard of the grinder. The grinder is the machine that caused the injury. This is the same risk that he was found to have assumed in the prior case. Assumption of risk was an issue in that case, and plaintiff had full opportunity to litigate that issue."

While the Orths' alleged negligence is different from that alleged against Western Land Roller, the dangerous condition purportedly created by both of the defendants was the same—a grinder with a feeder chute which at times required the hand-feeding of wet corn. If, as the jury found, Goblirsch undertook his work with actual knowledge of the risks of this machine and voluntarily assumed these risks, then the conclusion is inescapable that he assumed the same risk of injury allegedly created by his employers' negligence as that allegedly created by the grinder manufacturer.[2] In our opinion, the essence of the jury's finding in the first case was well summarized by the trial court when he stated:

"* * * Grinders, this farm jury seems to have concluded,

---

[2] Plaintiff's suggestion that Minn. St. c. 182 prohibits the assertion of the assumption-of-risk defense in tort suits by adult agricultural workers against their employers is without merit. Hacker v. Berkner, 263 Minn. 278, 117 N. W. 2d 13 (1962). See, also, State Farm Mutual Auto Ins. Co. v. Hilk, 296 Minn. 8, 206 N. W. 2d 360 (1973).

must have an opening for the entry of material to be ground, and operators who put their hands in them are assuming the risk of their own injury, most particularly when they use them almost daily."

As a reviewing court, we are not warranted in setting aside a finding by a jury which is amply supported by credible evidence, including the testimony of plaintiff himself.

Affirmed.