**Barry Kevin DUCK, by Desmond G. Duck, His Parent and Natural Guardian, et al., Appellants,**

v.

**MODERN ROADWAYS, INC., Respondent.**

No. 46463.

Supreme Court of Minnesota.

May 6, 1977.

Rehearing Denied June 2, 1977.

Harvey E. Skaar, Minneapolis, for appellants.

Coulter, Nelson & Sullivan and Charles R. Coulter, Minneapolis, for respondent.

Heard before ROGOSHESKE, PETERSON and KELLY, JJ., and considered and decided by the court en banc.

ROGOSHESKE, Justice.

Upon trial of this action arising out of a motor vehicle accident, the jury by special verdict found plaintiff Barry Kevin Duck, a minor and driver of his father's automobile, to be 50-percent causally negligent, precluding recovery for personal-injury damages. Plaintiffs' appeal raises these issues: Whether it was reversible error (1) to deny plaintiffs' pretrial motion to rule irrelevant and prejudicial any reference during trial to plaintiff driver's use of marijuana which ceased approximately 13 hours prior to the accident; (2) to direct the jury that plaintiff driver was contributorily negligent as a matter of law for driving in excess of the municipal speed limit, Minn.St. 169.14, while at the same time refusing to allow an instruction requested by plaintiffs which would have permitted the jury to find that defendant negligently obstructed a public highway in violation of § 609.74; and (3) to deny a new trial because of the jury's assessment of inadequate personal-injury damages to plaintiff driver. We find none

of the errors claimed would warrant a new trial and accordingly affirm.

The accident occurred at about 3 p. m. on the rainy afternoon of August 25, 1972, when plaintiff driver collided with the rear of defendant's dump truck parked near the bottom of a steep hill on the south side of Lake Street Extension, an east-west street in the city of Minnetonka. Defendant was in the process of laying an asphalt sidewalk along the southern edge of the street. At the construction site were five vehicles—two dump trucks, a shovel vehicle, a roller, and a pickup truck—along with a number of workmen. Although the evidence is somewhat conflicting, the jury could find that all of the vehicles were parked off the street and not obstructing it, but that there were no flagmen or other signs warning of the construction activity. Plaintiff driver was proceeding in an easterly direction toward the construction site at a speed in excess of the 30-miles-per-hour municipal limit. Witnesses estimated the auto's speed as between 35 and 60 miles per hour. The plaintiff driver's estimate was "thirty-five to not over forty." As he passed over a hill, he observed an automobile driven by one Laurell Ann Ecoff proceeding up the hill. He applied his brakes, lost control of his vehicle, side-swiped the Ecoff vehicle, and collided with the rear of defendant's dump truck, which was parked off the street near the construction site. The investigating officer testified that it was approximately 500 feet from the crest of the hill to the point of collision. While Ms. Ecoff testified that she was in her lane of travel at the time her vehicle was sideswiped, witnesses for plaintiffs testified that she was at least partially on plaintiff driver's side of the road before he applied his brakes and lost control.[1]

The jury, upon instructions embodying the parties' theories of liability and the effect of its liability findings upon the ultimate disposition, and the court's direction that plaintiff driver was contributorily negligent as a matter of law, found that plaintiff and defendant were each 50-percent causally negligent. After 3 hours of deliberation, the jury returned for further instruction concerning damages in the event of a finding of near equal fault. The trial court directed only that an assessment of damages was required, despite the jury's findings as to liability, and refused to answer the jury's specific question until counsel were called and present. They chose not to delay and, in the words of the foreman, to "try again." They returned approximately 1 hour thereafter, assessing plaintiff driver's damage at $1,000, his father's special damage for medical expenses at $5,000, and damage to his automobile at $700. The court denied plaintiffs' post-trial motion for a new trial and ordered judgment upon the special verdict, denying plaintiffs recovery except for damage to the father's automobile.[2]

Plaintiffs principally claim prejudicial error resulted from the court's refusal to grant their motion, made before the jury was impaneled, to rule inadmissible any evidence relating to plaintiff driver's preaccident use of marijuana. The motion was based on plaintiffs' offer of proof that on the night preceding the accident plaintiff driver had smoked marijuana until 1:30 a. m.; that he had then slept until 1 p. m. and had eaten a noon meal; and that as a result he had felt no adverse effect on his driving at 3 p. m., the time of the accident. An affidavit of the treating surgeon was also submitted declaring that the following reference in plaintiff driver's hospital record was neither considered nor used in the treatment of his injuries: "* * * Drinks sporadically and takes marijuana sporadically including today. Denies any use of heavier drugs." As we read the record, the pretrial motion was denied essentially because the court was unable to assess relevancy at that time. Apparently, plaintiffs regarded the ruling as irreversible, as the

---

1. Ms. Ecoff was joined as a third-party defendant, but midway into the trial, the claims against her were dismissed in consideration of a settlement payment of $500 and the title of this action was amended to its present form.

2. See, *Christensen v. Hennepin Transportation Co., Inc.*, 215 Minn. 394, 10 N.W.2d 406, 147 A.L.R. 945 (1943).

evidence contained in the offer of proof was introduced in plaintiffs' case in chief and no attempt was made to remove the statement quoted above upon admission of the hospital record. Even though in retrospect the evidence appears irrelevant to plaintiff driver's preaccident driving conduct, no reconsideration of the pretrial ruling was requested during trial. In the absence of proper objections to the erroneous admission of the driver's testimony and the hospital record notation, no basis for a claim of prejudicial error upon appellate review exists. See, *Wadena v. Bush,* 305 Minn. 134, 232 N.W.2d 753 (1975). Additionally, a review of the trial record reveals that only scant reference to plaintiff driver's preaccident use of marijuana was made, and prejudice of the type warranting a new trial simply is not supported by the record.

▪ Nor is there merit to the claim of error in the court's finding that plaintiff driver was contributorily negligent as a matter of law. Indeed, we believe the trial court's failure to so find would have been error. Testimony, including that of Kevin Duck, established conclusively that at the time of the accident plaintiff was driving in excess of the 30-miles-per-hour municipal speed limit, contrary to Minn.St. 169.14, subd. 2. Since this statute expressly states "that the speed limit within any municipality shall be a maximum limit and any speed in excess thereof shall be unlawful," we have consistently held that its violation constitutes negligence per se. *Thole v. Noorlun,* 287 Minn. 52, 177 N.W.2d 295 (1970); *Butler v. Engel,* 243 Minn. 317, 68 N.W.2d 226 (1954). Furthermore, the mere fact that the court found plaintiff driver in violation of a statute did not, as plaintiffs now argue on appeal, entitle them to a jury instruction on defendant's alleged violation of Minn.St. 609.74 by obstructing the road with its vehicles. Although this statute provides that any person who "[i]nterferes with, obstructs, or renders dangerous for passage, any public highway" is guilty of a

misdemeanor for maintaining a nuisance, we have held it is not error to deny a party's request for a specific instruction if the substance of it is covered in the instruction read as a whole. *Schlukebier v. La-Clair,* 268 Minn. 64, 127 N.W.2d 693 (1964). We are convinced that the substance of plaintiffs' proposed instruction was adequately covered by the trial court's general instructions.

Finally and perhaps most supportive of plaintiffs' claim of prejudicial error is the jury's assessment of inadequate damages sustained by plaintiff driver. There is no doubt that he suffered severe and permanent injuries. The only plausible explanation for the inadequate award of $1,000 is the confusion in the jury's mind as to its duty to assess damages in view of the findings as to negligence and causation. Apparently they sought to escape the task because, as the foreman stated: "* * * [W]e understand that in the event the plaintiff has less—has a greater percentage of the negligence than the defendant, then the plaintiff would not recover anything." When instructed that they must assess damages "regardless of what you have done on the other [questions]," they returned and apparently simply refused to do so because of the difficult and time-consuming nature of the task.

▪ While we do not approve of the jury's apparent failure to assess damages properly, we nevertheless believe that the present case is controlled by our prior decisions which have upheld similar verdicts by which the plaintiff is precluded from recovery pursuant to Minn.St. 604.01.[3] In *Wefel v. Norman,* 296 Minn. 506, 508, 207 N.W.2d 340, 341 (1973), we quoted with approval the following position taken by the Wisconsin Supreme Court in *Sell v. Milwaukee Auto. Ins. Co.,* 17 Wis.2d 510, 519, 117 N.W.2d 719, 724 (1962):

> "The rule is that where a jury has answered other questions so as to deter-

---

**3.** The danger that arises when a jury tries to second guess the effect that its answers to negligence and causation have on awardable damages becomes more acute when, under the

special verdict, the plaintiff is entitled to at least some recovery. See, *Rosenthal v. Kolars,* 304 Minn. 378, 231 N.W.2d 285 (1975).

mine that there is no liability on the part of the defendant, which finding is supported by credible evidence, the denial of damages or granting of inadequate damages to the plaintiff does not necessarily show prejudice or render the verdict perverse."

See, also, *Kirby v. Frank,* 301 Minn. 488, 221 N.W.2d 712 (1974). Inasmuch as there is persuasive, credible evidence to find plaintiff driver's causal negligence to be equal to that of defendant's, we are persuaded that the jury's failure to calculate damages with more accuracy is not reversible error.

Affirmed.