Patricia HEROFF, Appellant,

v.

METROPOLITAN TRANSIT
COMMISSION, Respondent.

No. C1–85–107.

Court of Appeals of Minnesota.

Aug. 27, 1985.

Review Denied Nov. 18, 1985.

James F. Dunn, Marcus R. Magnuson, St. Paul, for appellant.

Frederick C. Brown, Julie A. Sweitzer, Popham, Haik, Schnobrich, Kaufman & Doty, Ltd., Minneapolis, for respondent.

Heard, considered and decided by POPOVICH, C.J., FOLEY, and LESLIE, JJ.

## OPINION

POPOVICH, Chief Judge.

Appellant appeals the trial court's denial of her motion for a new trial. Appellant claims a new trial should have been granted because (1) the jury's verdict was not supported by the evidence and (2) insufficient damages were awarded under the influence of passion or prejudice. We affirm.

## FACTS

On February 2, 1981, appellant Patricia Heroff slipped and fell while walking down the front steps of a Metropolitan Transit Commission (MTC) bus in downtown St. Paul. Appellant boarded the bus near her home at the corner of 7th and Bay Street. She was a regular bus rider. As she boarded, she noticed the steps were slippery. Two other passengers, Linda and Christie Martin, also noticed that the stairs were "in terrible shape."

As appellant was getting off the bus at 5th and Wabasha streets, she slipped and fell. Appellant testified she stepped over a clump of ice on the top of the stairs. She placed her left foot on the first step. As she lifted her right foot, her left foot slipped and she fell out of the bus hitting her neck on the top stair. The accident was witnessed by Christie Martin, a neighbor who was sitting in the center of the back seat of the bus. A woman standing outside the bus helped appellant up. The bus driver drove away before appellant could brush herself off.

That night appellant had a headache and was very stiff. The next day her shoulder was very stiff. After several days of stiffness, appellant went to a doctor on February 6, 1981. She was given x-rays and treated with ultrasound treatments for two weeks. Appellant suffered recurring stiffness for the next month. She notified the MTC of her accident and condition on March 6, 1981. Appellant continues to suffer from an enlarged neck muscle, cannot participate in some physical activities, and still receives periodic treatment for her injuries.

At trial, Robert Koutz testified he drove the MTC bus that was scheduled most closely to the time appellant said she fell. Koutz testified he spread sand and salt on the stairwells of his buses, he never had trouble with ice on the top entry of his buses, and that he did not see anyone fall the morning of February 2, 1981. Although the MTC knew of appellant's fall in March 1981, Koutz was not informed of the accident until February 1984. At trial, Koutz had no independent recollection of driving the bus on February 2, 1981.

Prior to jury deliberations, the parties stipulated appellant had medical bills of $3,146.61. The jury returned a verdict finding appellant 100% negligent with damages of $1.00. The $1.00 damage award took place after the jury asked whether it need complete the damages question. The trial court instructed the jury twice to answer the damage question regardless of its answers to the liability questions. Appellant's motions for a verdict notwithstanding the judgment and for new trial were denied. The trial court concluded "there was ample evidence to sustain such a verdict, and the Court has no choice but to do so."

## ISSUES

1. Was the jury's liability determination contrary to the evidence?

2. Was the jury's damage award the product of passion or prejudice?

## ANALYSIS

1. *Standard of Review.*

This court's standard of review of a trial court's denial of a motion for a new trial is narrow.

> The granting of a new trial rests in the discretion of the trial court, and the trial court's decision will be reversed only for a clear abuse of discretion. While the discretion of the trial court is broad, the trial court * * * does not have the discretion to grant a new trial merely because he would have reached a different conclusion than did the jury.

*City of Omega v. Bevins*, 341 N.W.2d 298, 299 (Minn.Ct.App.1983) (citations omitted).

> Where the resolution of a disputed fact turns largely upon an assessment of the relative credibility of witnesses whose testimonial demeanor was observed only by the jury and the trial court, and where the trial court has approved the jury's finding, we are obliged to affirm.

*Seidl v. Trollhaugen, Inc.*, 305 Minn. 506, 508, 232 N.W.2d 236, 239 (1975).

2. *Liability Determination.*

Appellant claims the jury's determination of liability was contrary to the evidence. Appellant claims the only direct evidence in this matter supported her position that she fell as a result of the MTC failing to clear

snow from the bus steps. Since a common carrier has a high duty of care, appellant claims the jury could not find her 100% at fault for falling down the steps. Respondent claims the jury's verdict is supported by the evidence. Respondent cites the testimony of bus driver Koutz as supporting their position. It claims the jury was entitled to believe (1) appellant did not fall; (2) if appellant did fall, it was her fault; or (3) that any pain and discomfort was caused by a pre-existing degenerative disc disease.

The duty of a common carrier to its passengers is well established.

A [common carrier] is not an insurer of the safety of its passengers but must use every reasonable precaution for their safety. It must exercise the highest degree of care toward them consistent with its undertaking and is responsible for the slightest negligence.

*Swanson v. Minneapolis Street Railway Company,* 252 Minn. 484, 487, 90 N.W.2d 514, 517 (1958).

■ As noted above, however, this court's standard of review is very narrow.

The question of negligence is for the jury to determine and their verdict should not be disturbed unless there is no evidence which reasonably supports the verdict or it is manifestly contrary to the evidence.

*Smith v. Carriere,* 316 N.W.2d 574, 575 (Minn.1982). The evidence supporting the jury's verdict is meager. Nevertheless, our review of the record discloses sufficient evidence upon which the jury could have based its decision. Appellant did not immediately report the incident to the bus company. No snow had fallen within two days of the accident. Although appellant claimed permanent injuries, she did not disclose these injuries in 1983 when she entered a hospital for surgery unrelated to her fall. The determination of the credibility of witnesses is properly left with the jury. Although we may have reached another conclusion, we believe there is sufficient evidence to sustain the jury's verdict.

3. *Damage Award.*

■ Appellant claims the jury's damage award was the product of passion or prejudice. The jury's $1.00 damage determination was less than the special damages stipulated by counsel. Ordinarily, a damage award which is less than proven special damages may be overturned as the product of passion or prejudice. *Clark v. Johnson Brothers Construction,* 370 N.W.2d 896 (Minn.Ct.App.1985).

■ Our resolution of the foregoing issue, however, also determines this issue.

"The rule is that where a jury has answered other questions so as to determine that there is no liability on the part of the defendant, which finding is supported by credible evidence, the denial of damages or granting of inadequate damages to the plaintiff does not necessarily show prejudice or render the verdict perverse."

*Wefel v. Norman,* 296 Minn. 506, 508, 207 N.W.2d 340, 341 (1973) (quoting *Sell v. Milwaukee Auto. Ins. Co.,* 17 Wis.2d 510, 519, 117 N.W.2d 719, 724 (1962)). Since we decide the jury's liability determination was supported by the evidence, the *Wefel* rule applies and appellant is not entitled to a new trial. *See Duck v. Modern Roadways, Inc.,* 253 N.W.2d 822, 825–26 (Minn.1977).

## DECISION

The jury's determination of liability was supported by the record. The jury's damage award was not the product of passion or prejudice.

Affirmed.