Laura Marie MARKOWITZ, Appellant,

v.

Lance NESS, et al., Respondents.

No. C0–87–538.

Court of Appeals of Minnesota.

Oct. 20, 1987.

Robert P. Christensen, Dunkley, Bennett & Christensen, Minneapolis, for appellant.

Gerald H. Hanratty, Minneapolis, for respondents.

Considered and decided by WOZNIAK, P.J., and FOLEY and CRIPPEN, JJ., with oral argument waived.

## OPINION

WOZNIAK, Judge.

Laura Markowitz appeals from the trial court's denial of her motion for JNOV or a new trial. In this automobile accident case, the jury found that neither party was negligent. We affirm.

## FACTS

In October 1984, appellant Markowitz was pulling out of a parking place from the west side of a northbound one-way street in Minneapolis. She either was entering or had entered the far left lane of traffic. Respondent Maanum had entered that same lane, from the center lane, as a result of another car turning into the roadway in front of her. The cars collided, and, as a result of the collision, Markowitz claims she sustained a permanent partial disability to her back. She also claims damages for past and future lost wages, medical expenses, and pain and suffering.

Numerous issues were in dispute at trial. Among others, there were factual issues as to whether each party kept a proper lookout, the placement of each car in the moments preceding impact, the speed and acceleration (or deceleration) of each car, and the amount and cause of the personal injuries of Markowitz.

Both parties testified as to the great amount of care they were exercising at the time of the accident. Markowitz testified that she looked in all directions, used both her outside right and inside rear view mirrors, and waited for traffic to clear before entering the traveling lane of the street. Maanum testified she was driving within the speed limit, signaled before changing lanes, saw Markowitz beginning to enter the stream of traffic, and honked her horn prior to the collision.

Trial was by jury. The questions on the special verdict form included the following:

1. Was Defendant Nina Maanum negligent?

   \*    \*    \*    \*    \*    \*

3. Was Plaintiff Laura Markowitz negligent?

   \*    \*    \*    \*    \*    \*

5. If you answered "Yes" to Question No. 2 and Question No. 4 [regarding causation], then answer the following: Taking all of the fault that contributed to Laura Markowitz' injury to be 100%, what percentage of fault do you attribute [to each party].

During the course of deliberations, the jury submitted written questions to the judge regarding the special verdict form. Included among the six questions were the following:

"Can you be at fault and not negligent?"

"Is it possible to find that neither party was negligent? "

"What is the difference between fault and negligence? "

The court responded to these questions by delivering the following explanation to the jury:

Ladies and gentlemen of the jury, in response to your question: What is the difference between "fault" and "negligence", fault as used on Question No. 5 of the special verdict form? It means negligence that was a direct cause of Laura Markowitz' injury.

In response to your questions: Is it possible to find that neither party was negligent? And your question: Can you be at fault and not negligent? The mere fact that an accident has happened does not, of itself, mean that anyone was negligent. Negligence is the failure to use

reasonable care. Reasonable care is that care which a reasonable person would use under like circumstances.

When the jury returned with its findings, it had marked the special verdict form to the effect that neither party was negligent. The jury had not filled in the parts of the verdict form that related to the amount of damages, so the trial court instructed them to return to fill in those amounts. A short time later, the jury then returned to ask if zeros could be put in the spaces for dollar amounts. The court replied:

> I'm not responding to that. That's your job. But questions 6 and 7 in the verdict are the damage questions. You must answer these questions, regardless of your answers to the other questions in the verdict. The verdict is not complete until the questions are answered.

The jury then returned with a verdict regarding damages in the following amounts: for past and present disability, pain, and emotional distress—$10,000; medical expenses—$16,000; loss of earnings—$10,000.

The jury filled in all zeros in the spaces for yearly itemization of future disability, pain, and emotional distress. It awarded $500 in future medical expenses for 1986, 1987, and 1988; it awarded no future medical expenses for 1989–2030. It awarded no damages for alleged future lost earning capacity.

Markowitz moved for JNOV or a new trial, which the trial court denied, finding the evidence sustained the jury's verdict.

## ISSUES

1. Did the trial court err in denying appellant's request for judgment notwithstanding the verdict?

2. Do the trial court instructions require that the jury verdict be set aside?

3. Did the trial court abuse its discretion in denying appellant's motion for a new trial based on the jury's alleged passion and prejudice?

## ANALYSIS

1. A JNOV may be granted only where the evidence is so overwhelming on one side that reasonable minds cannot differ as to the proper outcome. *Lamb v. Jordan,* 333 N.W.2d 852, 855 (Minn.1983). If the evidence is sufficient to sustain a verdict, the motion for JNOV should not be granted. Minn.R.Civ.P. 50.02(1), 50.01.

■ Both parties testified as to the great amount of care that they took immediately prior to the accident. If the jury believed both parties' testimony, they certainly could find that both acted in a reasonable manner, and thus were not negligent. The jury's verdict is supported on this fact alone.

The jury could also have found the accident was the fault of the car that entered the roadway in front of Maanum's car, which caused her to move over one lane. Again, we only need to find sufficient evidence in the record to support the verdict.

Markowitz argues that her "convincing testimony," the "unimpeached" evidence of the existence of skid marks, the fact that this was a "rear end accident," and the "incredible" testimony of Maanum is such that reasonable minds could not conclude that Maanum was not responsible for the accident.

Obviously, Markowitz's argument regarding her "convincing" testimony and Maanum's "incredible" testimony is an invitation for us to determine credibility of witnesses, a function we cannot perform. The credibility of witnesses and the inferences fairly to be drawn therefrom are in the exclusive province of the trier of fact. *Conroy v. Kleinman Realty Co.,* 288 Minn. 61, 66, 179 N.W.2d 162, 165–66 (1970).

The fact that skid marks existed in the street means little; Maanum's counsel specifically questioned witnesses regarding whether the skid marks were related to the accident; the police officer did not remember them, and the attorney suggested that they might not have been made by the cars involved in this accident. The jury is to determine the weight to be given to testi-

mony and to decide what that testimony proves. *Swedeen v. Swedeen,* 270 Minn. 491, 497, 134 N.W.2d 871, 875–76 (1965).

Characterizing this as a "rear end accident" is of little help to Markowitz's argument. She still must prove negligence, even if Maanum squarely hit the rear end of her vehicle. *Pluwak v. Lindberg,* 268 Minn. 524, 531, 130 N.W.2d 134, 140 (1964).

Underlying Maanum's argument is an assertion that juries cannot return a verdict finding neither party negligent in an accident case unless the doctrine of "unavoidable accident" applies.

The supreme court has indicated that a jury may return a verdict of no negligence for either party in a case where each party is asserting that the negligence of the other was the cause of the accident:

It would appear that the above instruction provides for, and the verdict returned, expresses the finding that no party sustained his burden of convincing the jury that the negligence of the other caused the accident. It would seem that the record unequivocally supports the jury's finding that no one sustained his or its burden of proof.

*Peterson v. Minneapolis Star and Tribune Co.,* 282 Minn. 264, 270–71, 164 N.W.2d 621, 626 (1969). *Accord, Renzaglia v. Chipman,* 298 Minn. 384, 385, 215 N.W.2d 477, 478 (1974). The record supports the jury's finding that neither party sustained her burden of proof.

■ 2. Markowitz contends that the trial court's instructions and their subsequent clarification were erroneous. She did not object to either the instructions or the explanation at trial, and did not raise this issue in her motion for a new trial.

Issues not presented to the trial court will not be heard for the first time on appeal. *Ronyak v. Pangerl,* 302 Minn. 556, 557, 225 N.W.2d 533, 533 (1975).

3. The denial of a motion for a new trial rests almost entirely within the discretion of the trial court and will be reversed only for a clear abuse of discretion. *Connolly v. Nicollet Hotel,* 258 Minn. 405, 407, 104 N.W.2d 721, 724 (1960).

The applicable law regarding the inference to be drawn from an alleged inadequate jury award is found in *Wefel v. Norman,* 296 Minn. 506, 207 N.W.2d 340 (1973):

The rule is that where a jury has answered other questions so as to determine that there is no liability on the part of the defendant, which finding is supported by credible evidence, the denial of damages or granting of inadequate damages to the plaintiff does not necessarily show prejudice or render the verdict perverse.

*Id.* at 508, 207 N.W.2d at 341 (quoting *Sell v. Milwaukee Auto. Ins. Co.,* 17 Wis.2d 510, 519, 117 N.W.2d 719, 722 (1962)). In an application of this rule, the supreme court found a jury's damage award that was inadequate as a matter of law was not enough to impugn the motivation of the jury. *Kirby v. Frank,* 301 Minn. 488, 489, 221 N.W.2d 712, 712 (1974).

■ Given the broad latitude afforded trial courts, we cannot say the trial court abused its discretion in refusing to grant Markowitz a new trial. *Wefel* indicates the grant of inadequate damages does not necessarily show prejudice in the jury deliberations. Maanum, through cross examination and presentation of testimony by her own expert witness, disputed the cause and extent of Markowitz's injury. In any event, the jury's decision regarding damages does not show prejudice nor render the verdict perverse.

## DECISION

The evidence supports the jury's finding that neither of the parties was negligent. Appellant is precluded from arguing matters for the first time on appeal. There is insufficient evidence of passion and prejudice to overturn the verdict.

Affirmed.