Maria Kristina **HERNANDEZ**, a minor,
by Maria **HERNANDEZ**, her mother
and guardian ad litem, Appellant,

v.

**RENVILLE PUBLIC SCHOOL
DISTRICT NO. 654,**
Defendant,

**Tri-Valley Opportunity Council,
Inc., Respondent,**

West Central Migrants, Inc., Defendant.

No. C4–95–1396.

Court of Appeals of Minnesota.

Jan. 30, 1996.

Review Denied March 28, 1996.

Thomas G. Johnson and Bradley J. Schmidt, Schmidt, Thompson, Johnson & Moody, P.A., Willmar, for Appellant.

John F. Angell and Leo I. Brisbois, Stich, Angell, Kreidler, Brownson & Ballou, P.S., Minneapolis, for Respondent.

Considered and decided by HUSPENI, P.J., and SCHUMACHER and FOLEY*, JJ.

## OPINION

FOLEY, Judge.*

Appellant Maria Kristina Hernandez sued respondent Tri–Valley Opportunity Council, Inc. (Tri–Valley) for injuries suffered when she fell from a piece of playground equipment. The jury concluded that Tri–Valley was not negligent, but found that Hernandez suffered past and future damages of $11,-702.60. The district court denied Hernandez's motion for a new trial and this appeal followed.

## FACTS

This appeal arises from a suit for damages incurred by Hernandez when she broke her arm after falling from a piece of playground equipment. Four-year-old Hernandez was one of 20 students participating in a summer preschool program operated by Tri–Valley at the Renville High School. The playground equipment at the school included a horizontal ladder, also known as "monkey bars." Due to safety concerns, Tri–Valley determined that the monkey bars were inappropriate for the children participating in the preschool program. Tri–Valley instructed the children at the beginning of the summer session and

---

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const.    art. VI, § 2.

nearly every day thereafter that they were not to use the monkey bars.

On the day that Hernandez was injured, the preschool children were in a line outside the school, preparing to return inside after recess. The students were supervised during recess by three Tri–Valley employees, one teacher and two assistants. When the children lined up outside the school, one of the assistants was at the back of the line and the other was in the middle of the line. The teacher entered the school for less than one minute to retrieve two students who went inside to get a drink of water. When the teacher came back out, Hernandez had fallen from the monkey bars. Hernandez had been waiting with the other children to enter the school when she left the line, climbed the monkey bars, and fell. Hernandez suffered a broken arm, requiring surgery and further medical attention.

Hernandez sued respondent Tri–Valley, Renville Public School District No. 654, and West Central Migrants, Inc. for past and future damages related to her broken arm. By special verdict, the jury found that none of the defendants were negligent, but that Hernandez suffered damages of $11,702.60. The district court denied Hernandez' motion for judgment notwithstanding the verdict and a new trial. Hernandez appeals the district court's denial of her motion for a new trial only with regard to Tri–Valley.[1]

## ISSUES

I. Is a new trial required because the district court instructed the jury that "there is no requirement of constant supervision of all of the movement of all pupils at all times"?

II. Is the evidence insufficient to support the jury's special verdict finding that Tri–Valley was not negligent?

III. Were the damages found by the jury inadequate?

1. By special term orders dated October 17, 1995 and October 30, 1995, this court dismissed West Central Migrants, Inc. and Renville Public School District No. 654 from this appeal.

## ANALYSIS

### I.

District courts are allowed considerable latitude in selecting the language in jury instructions, and this court will not reverse the district court unless the instructions constituted an abuse of discretion. *Alholm v. Wilt*, 394 N.W.2d 488, 490 (Minn. 1986). Where jury instructions fairly and correctly state the applicable law, this court will not grant a new trial. *Alevizos v. Metropolitan Airports Comm'n*, 452 N.W.2d 492, 501 (Minn.App.1990), *review denied* (Minn. May 11, 1990).

The district court instructed the jury that

Tri–Valley and its teachers had an obligation to use ordinary care and to protect its students from injuries which could reasonably have been foreseen and could have been prevented by the use of ordinary care. However, there is no requirement of constant supervision of all of the movement of all pupils at all times.

Hernandez argues that the district erred by instructing the jury, in the last sentence of the quoted instruction, that Tri–Valley did not have to supervise each student at all times.

The jury instruction given by the district court closely resembles the instruction given in *Sheehan v. St. Peter's Catholic Sch.*, 291 Minn. 1, 3, 188 N.W.2d 868, 870 (1971).[2] Hernandez argues that because the court in *Sheehan* did not decide the propriety of the jury instruction, *Sheehan* does not authorize the use of the instruction in this case. We disagree. In *Raleigh v. Independent Sch. Dist. No. 625*, 275 N.W.2d 572, 574–75 (Minn. 1978), however, the supreme court explained that it had "implicitly approved the trial court's use of the * * * instruction" in *Sheehan*. Further, in *Verhel v. Independent Sch. Dist. No. 709*, the supreme court used the language of the *Sheehan* jury instruction when articulating a school district's legal duty to protect its students:

2. The instruction in *Sheehan* included the following: "There is no requirement of constant supervision of all the movements of pupils at all times." 291 Minn. at 3, 188 N.W.2d at 870.

Where a school district has [a duty to supervise students], that duty is to "use ordinary care and to protect its students from injury resulting from the conduct of other students under circumstances where such conduct would reasonably have been foreseen and could have been prevented by the use of ordinary care. There is no requirement of constant supervision of all the movements of pupils at all times."

359 N.W.2d 579, 586 (Minn.1984) (quoting *Sheehan,* 291 Minn. at 3, 188 N.W.2d at 870).

Hernandez argues that under the ordinary care standard, it may be appropriate for a school to provide uninterrupted supervision of children, especially when the children are only four years old. We agree that in a negligent supervision case involving very young children it is preferable to avoid the instruction that a school has no duty to supervise all children at all times. The better practice may be to instruct the jury that the school must exercise ordinary care to protect students from foreseeable injuries.

■ Despite our reservations regarding the challenged language in the jury instruction, we conclude that the challenged instruction fairly and correctly states the law, and the district court did not abuse its discretion. A new trial, therefore, is not warranted.

## II.

■ Hernandez argues that the evidence does not support the jury's special verdict answer that Tri–Valley was not negligent. A reviewing court will not set aside a jury's answers to special verdict questions unless the answers are "perverse and palpably contrary to the evidence." *Hanks v. Hubbard Broadcasting,* 493 N.W.2d 302, 309 (Minn.App.1992) (citations omitted), *review denied* (Minn. Feb. 12, 1993). The reviewing court must view the evidence in the light most favorable to the verdict, and "[i]f the jury's special verdict finding can be reconciled on any theory, the verdict will not be disturbed." *Id.*

■ A school is negligent if it fails to exercise ordinary or reasonable care toward its students. *Fallin v. Maplewood–North St. Paul Dist. 622,* 362 N.W.2d 318, 321 (Minn.

1985). The evidence must show "that supervision would probably have prevented the accident." *Verhel,* 359 N.W.2d at 586 (quoting *Sheehan,* 291 Minn. at 5, 188 N.W.2d at 871). However,

[a] teacher, generally, is not required to anticipate the hundreds of unexpected student acts which occur daily or to guard against dangers inherent in rash student acts.

*Id.*

The evidence supports the jury's special verdict answer that Tri–Valley was not negligent. The record contains no evidence that supervision probably would have prevented the accident. To the contrary, the evidence shows that the accident occurred despite the presence of two supervisors on the playground. The evidence also shows that the accident resulted from the type of unexpected student act that teachers are not required to anticipate. Although there had never been any problems or injuries involving the monkey bars in the past, Tri–Valley repeatedly instructed the students, including Hernandez, not to climb or to play on the monkey bars. While the students were lined up waiting to reenter the school after recess, Hernandez left the line, climbed up the monkey bars, and fell to the ground.

The jury's conclusion regarding Tri–Valley's negligence was not perverse or palpably contrary to the evidence. Further, the jury's conclusion can be reconciled on the theory that Hernandez's actions were unexpected, rash student behavior of the type teachers are not required to anticipate. The district court did not err by denying Hernandez's motion for a new trial.

## III.

Hernandez argues that a new trial is necessary because the damages determined by the jury were inadequate. The jury awarded $11,702.60 in damages for past and future medical expenses, pain, disability, disfigurement, embarrassment, and emotional distress.

■ A district court may grant a new trial if the damages are insufficient, "appearing to have been given under the influence of

passion or prejudice." Minn.R.Civ.P. 59.01(e). But if a jury's conclusion that a defendant is not liable is supported by credible evidence, the jury's determination of inadequate damages to a plaintiff does not warrant a new trial. *Wefel v. Norman,* 296 Minn. 506, 508, 207 N.W.2d 340, 341 (1973); *Radloff v. Jans,* 428 N.W.2d 112, 115–16 (Minn.App.1988), *review denied* (Minn. Oct. 26, 1988). Because the jury determined that Tri–Valley was not liable for Hernandez's injuries and because the jury's decision is supported by credible evidence, a new trial is not warranted.

## DECISION

The district court did not err by denying Hernandez's motion for a new trial.

**Affirmed.**