**Jeffrey ERICKSON, Respondent,**

v.

**STATE of Minnesota, et al., Appellants.**

**No. C7–99–574.**

Court of Appeals of Minnesota.

Sept. 21, 1999.

William R. Space, Mansur & O'Leary, P.A., St. Paul, for respondent.

Jon K. Iverson, Gregory C. Schultz, Erstad & Reimer, P.A., Minneapolis, for appellants.

Considered and decided by DAVIES, Presiding Judge, WILLIS, Judge, and SHUMAKER, Judge.

## OPINION

SHUMAKER, Judge.

Respondent Jeffrey Erickson sued the State of Minnesota and Lenny Lang, a state department of natural resources employee, for injuries he sustained when Lang's truck collided with his truck on a public logging road.

The state claimed immunity from tort liability under the logging road exception in Minn.Stat. § 3.736, subd. 3(p) (1998), and moved for summary judgment. The district court ruled that the exception applies only to losses caused by the unstable condition of the road and not to negligent acts committed on the road. The state appealed the district court's denial of summary judgment. We reverse.

## FACTS

On January 20, 1995, appellant Lenny Lang, a forestry technician for the Minnesota Department of Natural Resources (DNR), was driving a DNR truck along a narrow, slippery, public logging road in Cass County. Respondent was driving a truck in the opposite direction on his way to do logging work. The trucks collided, and Erickson was injured.

Erickson sued Lang and appellant State of Minnesota. Contending that it is immune from suit for injuries resulting from a person's use of a logging road, the state moved for summary judgment. The district court denied the motion, ruling that immunity applies only when damages are caused by the unstable condition of the road. The state appealed.

## ISSUE

The state is generally liable for claims proved against state employees who commit torts in the scope of their employment. Minn.Stat. § 3.736, subd. 3(p) (1998), grants immunity to the state for losses arising from a person's use of a public logging road. Is the immunity limited to losses arising from the unstable condition of the road?

## ANALYSIS

■ There are no material facts in dispute. The dispositive issue is one of statutory interpretation. That is a question of law, which we review de novo. *Hibbing Educ. Ass'n v. Public Employment Relations Bd.*, 369 N.W.2d 527, 529 (Minn. 1985).

As a general rule, the state is liable for torts committed by state employees acting within the scope of their employment. Minn.Stat. § 3.736, subd. 1 (1998). However,

[T]he state and its employees are not liable for the following losses:

\* \* \* \*

(p) a loss arising out of a person's use of a logging road on public land that is maintained exclusively to provide access to timber on that land by harvesters of the timber, and is not signed or otherwise held out to the public as a public highway \* \* \*.

Minn.Stat. § 3.736, subd. 3(p) (1998).

The district court interpreted the logging road immunity exception to apply only to losses caused by the unstable structure of the road. According to the court, and to respondent, the exception does not apply to ordinary acts of negligence that occur during the use of the road.

■ The purpose of statutory interpretation is to ascertain the legislature's intent. Minn.Stat. § 645.16 (1998). When a statute is clear and unambiguous, courts are ordinarily not permitted to look beyond the statute's plain meaning.

When the words of a law in their application to an existing situation are clear and free from all ambiguity, the letter of the law shall not be disregarded under the pretext of pursuing the spirit.

*Id.; see also Homart Dev. Co. v. County of Hennepin*, 538 N.W.2d 907, 911 (Minn. 1995) (stating that if a statute is free from ambiguity, courts look only at a statute's

plain meaning); *Tuma v. Commissioner of Econ. Sec.*, 386 N.W.2d 702, 706 (1986) (stating that if a statute is clear and unambiguous, court may not attempt to construe or interpret it, but must "give effect to the statute's plain meaning").

The logging road exception provides immunity from claims arising out of the use of the road. In statutes, "[w]ords * * * are construed according to * * * their common and approved usage * * * " unless they have acquired or been given special meanings. Minn.Stat. § 645.08(1) (1998). Nothing in section 3.736 gives any special meaning to the word *use.* Commonly understood, to *use* means "[t]o put into service or apply for a purpose; employ." *The American Heritage Dictionary of the English Language* (3d ed.1992). There is nothing ambiguous about the word *use* in section 3.736, subdivision 3(p). Applying the word in its common meaning to the facts here, both drivers were engaged in the "use of" the logging road. The plain meaning of the statute is that immunity is established for losses "arising out of a person's use of a logging road * * *." Minn.Stat. § 3.736, subd. 3(p). The legislature's intent is clear in the plain language it employed.

Although courts have the power to inquire beyond a statute's plain language, they must "exercise this authority sparingly and only when a party demonstrates the statute's plain language violates a *clearly* expressed goal of the legislature." *Anker v. Little*, 541 N.W.2d 333, 337 (Minn.App.1995), *review denied* (Minn. Feb. 9, 1996); *see Wegener v. Commissioner of Revenue*, 505 N.W.2d 612, 617 (Minn.1993) (holding court has power to reject statute's plain language under such circumstances). Respondent has shown no clearly expressed legislative goal that would be violated by giving the logging road exception its plain meaning.

It is also of note that, in listing various tort immunity exceptions in section 3.736, the legislature was very specific in defining the limits of particular immunities. In subdivision 3(d), immunity is granted for losses from snow and ice on highways and sidewalks; in subdivision 3(g) for losses from the "condition" of unimproved property; and in subdivision 3(h) for losses incurred "by a user arising from the construction, operation, or maintenance" of an outdoor recreation system. Had the legislature intended to limit logging road immunity to losses from substances on the surface, the general road condition, or the construction or maintenance of the road, the legislature would undoubtedly have employed the proper words of limitation, as it did with the other exceptions in the same section.

### DECISION

The district court erred by construing the logging road immunity exception in Minn.Stat. § 3.736, subd. 3(p), to be limited to losses arising from the unstable condition of the road. By so construing the statute, the district court ignored its plain meaning.

**Reversed.**