Patrick Brian STEWART, Appellant,

v.

Christopher Michael KOENIG, et al., Respondents.

No. A08–1209.

Court of Appeals of Minnesota.

June 30, 2009.

**498**

Peter C. Sandberg, Sandberg & Sandberg, Rochester, MN, for appellant.

Angela C. Shackleford, LaBore, Giuliani, Cosgriff & Viltoft, Ltd., Hopkins, MN, for respondents.

Considered and decided by STAUBER, Presiding Judge; STONEBURNER, Judge; and BJORKMAN, Judge.

## OPINION

BJORKMAN, Judge.

■ This case presents the question whether a driver operating a motor vehicle on a private driveway that crosses a state recreational trail is a "trail user" within the meaning of the rules governing state recreational trails. The district court determined that the trail rules do not apply, declined to instruct the jury in accord with the rules, and denied appellant's motion for a new trial. We conclude that the trail rules do apply and reverse and remand for a new trial.

## FACTS

In June 2005, appellant Patrick Stewart and respondent Christopher Koenig collided in the uncontrolled intersection of the Douglas Trail and a private driveway in Olmsted County. Appellant was bicycling on the trail, and respondent was driving a motor vehicle on the private driveway. Appellant suffered a broken neck as a result of the collision. Appellant commenced a negligence action against respondent and respondent's mother, who owned the motor vehicle.[1]

At trial, appellant requested a jury instruction stating that "any trail user who

---

1. Respondent's mother also appears as a respondent here, but we refer only to Christopher Koenig as "respondent."

is about to enter onto or cross a trail treadway[ ] shall yield the right-of-way to any trail user already on the treadway to be entered or crossed." The proposed instruction incorporated a Minnesota Department of Natural Resources (DNR) rule, and appellant asked the district court to instruct the jury that a violation of the rule is negligence per se. The district court declined to give the requested instruction on the ground that respondent was not a "trail user" and therefore not subject to the DNR rules. The district court instructed the jury on common-law negligence principles.

The jury found that respondent was not negligent and that appellant was negligent. The jury determined that appellant suffered a permanent injury as a result of the accident, but awarded appellant no damages. Appellant moved for a new trial, arguing that the district court's failure to give the requested jury instruction was "a fundamental error of law and controlling principle," and that the damages verdict was "contrary to the evidence, perverse and insufficient as a matter of law." The district court denied the motion. This appeal follows.

### ISSUES

1. Did the district court err by concluding that respondent, a driver of a motor vehicle operating on a private driveway that crosses a state recreational trail, was not a "trail user" and therefore not subject to the DNR rules governing the trail?

2. Did the district court err by failing to grant a new trial on damages when the jury found permanent injury but awarded no damages?

### ANALYSIS

#### I.

Jury instructions must "as a whole convey to the jury a clear and cor-rect understanding of the law of the case." *Barnes v. Nw. Airlines, Inc.*, 233 Minn. 410, 421, 47 N.W.2d 180, 187 (1951). A party is entitled to a specific instruction on its theory of the case if the instruction finds evidentiary support and accords with applicable law. *Sandhofer v. Abbott–Nw. Hosp.*, 283 N.W.2d 362, 367 (Minn.1979). Although we generally review jury instructions for an abuse of discretion, *Alholm v. Wilt*, 394 N.W.2d 488, 490 (Minn.1986), we will reverse and remand for a new trial when a jury instruction conveys "an erroneous understanding of controlling principles of law." *See Zurko v. Gilquist*, 241 Minn. 1, 5, 62 N.W.2d 351, 354 (1954).

Appellant's proposed jury instruction mirrors the language of Minn. R. 6100.3400, subp. 6(D) (2003): "Any trail user who is about to enter onto or cross a trail treadway[ ] shall yield the right of way to any trail user already on the treadway to be entered or crossed." The rules define a number of terms, including bicycle, motor vehicle, person, trail, and treadway. Minn. R. 6100.3300, subps. 2, 7–8, 11–12 (2003). A trail is "all of that land contained within the area designated as a state recreational trail by the commissioner," and a treadway is "that part of the trail constructed for travel." *Id.*, subps. 11–12. But the rules do not define "trail user." *See* Minn. R. 6100.3300 (definitions).

The parties do not dispute that the Douglas Trail is a state recreational trail. *See* Minn.Stat. § 85.015, subd. 4 (2008). Nor do they dispute that appellant was bicycling on the treadway of the Douglas Trail and that respondent was about to cross the treadway in a motor vehicle. The only issue is whether respondent was a "trail user."

In construing administrative rules, we apply the "common and approved usage"

of a term unless there is a special meaning provided by statute or rule. Minn.Stat. §§ 645.001 (applying statutory construction principles to rules), 645.08(1) (stating common-and-approved-usage canon) (2008). This court has previously construed the word "use" to mean "[t]o put into service or apply for a purpose; employ." *Erickson v. State,* 599 N.W.2d 589, 591 (Minn.App.1999) (alteration in original) (quotation omitted), *review denied* (Minn. Dec. 14, 1999); *see also Black's Law Dictionary* 1577 (8th ed.2004) (defining "use" as the "application or employment of something").

*Erickson* involved a head-on collision between a private motorist and a state vehicle on a logging road. 599 N.W.2d at 590. The state sought summary judgment based on a statute granting immunity for "loss arising out of a person's use of a logging road." *Id.* (quoting Minn.Stat. § 3.736, subd. 3(p) (1998)). The district court denied the motion, determining that the statute applies only to losses caused by the road's unstable structure or condition. *Id.* We rejected this narrow interpretation of the term "use" and applied the common meaning of the word in concluding that both drivers "were engaged in the 'use of' the logging road." *Id.* at 591.

■ Respondent advocates a narrow construction of "trail user" based on the fact that motor vehicles are not permitted to be "operated within a trail, except upon a legal road or highway . . . and except as authorized by the commissioner." Minn. R. 6100.3400, subp. 2 (2003). But respondent acknowledges that motor vehicles are permitted to cross recreational trails on driveways. Any distinction between merely "being on" the recreational trail and "using" the trail is, in the context of crossing the trail, strained and artificial. A driver is employing or putting a portion of the recreational trail into service when

crossing it, albeit for the limited and temporary purpose of getting across the trail.

■ In addition to the common meaning of the word "use," we are guided by the occasion and necessity for the DNR trail rules, the object the rules seek to obtain, and other rules and laws upon the same or similar subjects. Minn.Stat. § 645.16 (2008). One of the purposes of the trail rules is "to promote long-term trail use and enjoyment." Minn. R. 6100.3000 (2003). Appellant argues that interpreting the trail rules in a manner that places a bicyclist on a state recreational trail at greater risk than a bicyclist on a sidewalk or public highway runs counter to this purpose. We agree. The motor-vehicle traffic rules require drivers to stop at sidewalks and yield the right-of-way to traffic on the sidewalk. Minn.Stat. § 169.31 (2008). And drivers "about to enter or cross a roadway from any place other than a roadway," such as a driveway, must yield the right-of-way. Minn.Stat. § 169.20, subd. 4 (2008). We note that rule 6100.3400, subpart 6(D), and section 169.20, subdivision 4, are nearly mirror images. Interpreting them to impose different duties on drivers, depending on what sort of path they are crossing, would defeat the goal of uniformity in traffic regulation. *See* Minn.Stat. § 169.022 (2008).

We conclude that motor-vehicle drivers who cross a state recreational trail are "trail users" and thus subject to the trail rules, including the duty to yield the right-of-way to a trail user who is already on the treadway. Because the district court's jury instructions did not accurately convey the controlling law, a new trial on liability is warranted.

## II.

Appellant argues that he is entitled to a new trial on damages because the jury's

verdict, which included a finding of permanent injury but no damages, cannot be reconciled.

■ If a jury's determination that a defendant is not liable is supported by credible evidence, then the jury's award of inadequate damages does not warrant a new trial. *Wefel v. Norman,* 296 Minn. 506, 507–08, 207 N.W.2d 340, 341 (1973). But when a jury finds that a defendant is at least partially liable and the plaintiff suffered permanent injury, a no-damages verdict cannot be reconciled and a new trial on damages is appropriate. *Bogut v. Jannetta,* 410 N.W.2d 451, 453–54 (Minn.App. 1987).

Here, the jury found respondent was not negligent. But as we have already discussed, that finding cannot stand in light of the erroneous jury instruction. Because the jury's finding with respect to damages cannot be reconciled, a new trial on damages is also warranted.

### DECISION

Respondent, as a driver of a motor vehicle crossing a state recreational trail, was a "trail user" and therefore subject to the DNR trail rules including the duty to yield to trail users already on the treadway. The district court erred in failing to so instruct the jury. Because the jury's answers to the special-verdict questions regarding damages are irreconcilable, we reverse and remand for a new trial on all issues.

**Reversed and remanded.**